UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JEFF DENNINGTON,                              )
individually and on behalf                    )
of all others similarly situated,             )
                                              )
                    Plaintiff,                )          No. _14 – 4001_____
                                              )
vs.                                           )
                                              )          CASE BELOW:
STATE FARM FIRE AND CASUALTY                  )          Case No. 46CV-13-274-1
COMPANY and STATE FARM                        )          Circuit Court of Miller County, Arkansas
GENERAL INSURANCE COMPANY,                    )
                                              )
                    Defendants.               )

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT Defendants State Farm Fire and Casualty Company and

State Farm General Insurance Company (collectively, "State Farm") hereby remove the above-

captioned action from the Circuit Court of Miller County, Arkansas to this Court, pursuant to the

Class Action Fairness Act of 2005 ("CAFA"), Pub. L. 109-2, 199 Stat. 4, codified in pertinent

part at 28 U.S.C. §§ 1332(d) and 1453, and pursuant to 28 U.S.C. §§ 1441 and 1446. In support

of this Notice of Removal, State Farm states as follows:

## I.    PROCEDURAL HISTORY.

1.      According to the Court-filing stamp on the cover of the Complaint, on November

21, 2013, Plaintiff Jeff Dennington ("Plaintiff") filed his Complaint asserting individual and

class claims against State Farm in the Circuit Court of Miller County, Arkansas ("Complaint").

State Farm was not served with the summons and Complaint until December 5, 2013 by certified

mail to its registered agent. *See* Complaint and service papers, attached hereto as Exhibit 1.

2.      In the Complaint, Plaintiff claims that State Farm breached its contract with

Plaintiff and alleged members of a putative class by "depreciating labor costs associated with

repairs" when paying the Actual Cash Value ("ACV") of claims under dwelling and other structural insurance policies, and asserts claims for breach of contract and unjust enrichment. Complaint at ¶¶ 20, 40, 51. In other words, Plaintiff contends that when estimating and paying ACV of claims for damaged property, State Farm may only depreciate the cost of materials needed to repair the damaged property, and not any labor costs associated with those repairs. Plaintiff filed this action the very same day of the Arkansas Supreme Court's decision in *Adams v. Cameron Mut. Ins. Co.*, --- S.W.2d ----, 2013 Ark. 475 (Nov. 21, 2013), wherein the Court answered in the negative the following certified question of the United States District Court for the Western District of Arkansas – "Whether an insurer in determining the 'actual cash value' of a covered loss under an indemnity insurance policy may depreciate the costs of labor when the term 'actual cash value' is not defined in the policy."

3.      State Farm intends to file a motion to dismiss directed to the named Plaintiff's claims, pursuant to Rules 12(b)(1) and 12(b)(6).

4.      This case is properly removed to this Court pursuant to 28 U.S.C. §§ 1441, 1446, and 1453, because State Farm has satisfied the procedural requirements for removal, and because this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d).

5.      CAFA jurisdiction exists because the action (1) includes alleged class members whose citizenship is diverse from that of State Farm, (2) has at least 100 putative class members, and (3) places an aggregate amount in controversy in excess of $5,000,000. *See* 28 U.S.C. §§ 1332(d)(2), (d)(5)-(6).

## II.     STATE FARM HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

6.      State Farm's removal of this action to this Court is timely. State Farm was served with the Complaint on December 5, 2013, by certified mail upon its registered agent. This

Notice of Removal has been filed within 30 days thereof, and accordingly, this Notice of Removal is timely. *See* 28 U.S.C. § 1446(b)(1).

7.      Venue is proper in this Court because the Circuit Court of Miller County, Arkansas is located in the Western District of Arkansas, Texarkana Division. *See* 28 U.S.C. § 1441(a) (a state-filed action subject to federal jurisdiction may be removed "to the district court…for the district and division embracing the place where such action is pending").

8.      As 28 U.S.C. § 1446(a) requires, State Farm has attached copies of all process, pleadings, and orders served upon State Farm with respect to this action.

9.      As 28 U.S.C. § 1446(d) requires, a copy of this Notice of Removal is being served upon Plaintiff's counsel, and a copy is being filed with the Clerk of the Circuit Court of Miller County, Arkansas.

## III.    THIS COURT HAS SUBJECT MATTER JURISDICTION OVER THIS ACTION UNDER CAFA.

10.      Under CAFA, this Court has diversity jurisdiction over any asserted class action[1] that (1) includes at least one class member whose citizenship is diverse from that of the defendant; (2) has at least 100 putative class members; and (3) involves an aggregate amount in controversy of $5,000,000 or more. *See* 28 U.S.C. §§ 1332(d)(2), (d)(5)-(6).

### A.    The Minimal Diversity Requirement Is Satisfied.

11.      CAFA's minimal diversity requirement is satisfied.  Plaintiff is a citizen of the State of Arkansas, as are the alleged members of his asserted class. *See* Complaint, ¶¶ 1, 22-23. The Complaint specifically alleges that both State Farm Defendants are "foreign corporations"

---

[1] A "class action" includes any civil action filed under Federal Rule of Civil Procedure 23 or "similar State statute or rule of judicial procedure." *See* 28 U.S.C. § 1332(d)(1)(B). Plaintiff asserted his class allegations pursuant to Arkansas's class action rule. *See* Complaint, ¶ 21 (citing Ark. R. Civ. P. 23).

and, indeed, they both are citizens of states other than Arkansas.[2] *Id.* at ¶ 2; *see also id.* at ¶ 3

("Defendants are not Arkansas citizens for purposes of federal court diversity analysis.").

Accordingly, because at least one member of the putative class of plaintiffs is a citizen of a state

different from either State Farm Defendants' state of citizenship, the minimal diversity

requirement of 28 U.S.C. § 1332(d)(2)(A) is satisfied.

### B. CAFA's Asserted Class Size Requirement Is Satisfied.

12.     Plaintiff's Class Action Complaint alleges that State Farm breached its insureds'

policies by depreciating labor costs when paying the ACV of claims made under dwelling and

other structural insurance policies. Plaintiff purports to represent an alleged class defined to

include:

> All persons and entities that received "actual cash value"
> payments, directly or indirectly, from State Farm for loss or
> damage to a dwelling or other structure located in the State of
> Arkansas, such payments arising from events that occurred within
> the ten years preceding the date of filing of this Class Action
> Complaint, where the cost of labor was depreciated.[3]

*See* Complaint at ¶ 22. Thus, the alleged class period purports to span 10 years, notwithstanding

shorter limitation periods under Arkansas law for the variety of claims asserted in the Complaint.

*See* ARK. CODE ANN. § 16-56-111 (five-year limitations period applies to breach of contract

claim); *Roach Mfg. Corp. v. Northstar Industries, Inc.*, 630 F. Supp. 2d 1004, 1007 (E.D. Ark.

---

[2] Plaintiff did not specifically identify the state or states in which the two State Farm Defendants were organized or maintain their principal place of business. However, the Affidavit of Jim Larson, submitted herewith, does provide that factual information and demonstrates that neither is a citizen of Arkansas. (*See* Affidavit of Jim Larson, attached hereto as Ex. 2, at ¶¶ 4-11.)

[3] The alleged class excludes "(1) all persons and entities that received payment from State Farm in the full amount of insurance shown on the declarations page; (2) State Farm and its affiliates, officers, and directors; (3) members of the judiciary and their staff to whom this action is assigned; and (4) Plaintiff's counsel." *Id.*

2009) (three-year limitations period applies to unjust enrichment claim) (citing ARK. CODE ANN. § 16-56-105).

13.     Plaintiff affirmatively asserts in the Class Action Complaint that the putative class comprises "hundreds if not thousands of people." Complaint at ¶ 23. Thus, Plaintiff's allegations alone sufficiently satisfy CAFA's 100-member threshold.

14.     Additionally, State Farm's factual submission with this Notice of Removal further establishes that the class, as alleged, satisfies the 100-member, minimal class size requirement under CAFA. The attached Affidavit of State Farm Fire and Casualty Company employee, Juan L. Guevara, Jr., provides, among other things, information pertaining to the approximate number of damage repair estimates State Farm prepared for its insureds on Arkansas properties in respect to which State Farm applied a depreciation deduction. That data reflects that just for the year in which Plaintiff submitted his structural damage claim to State Farm alone – 2009 – over 10,800 State Farm's structural damage repair estimates for Arkansas indicated a deduction for depreciation. (*See* Affidavit of Juan L. Guevara, Jr., ("Guevara Aff."), attached hereto as Ex. 3, at ¶ 6.) Thus, there would be thousands of claims potentially included within Plaintiff's asserted class definition for 2009 alone, just one year of Plaintiff's asserted 10-year class.

### C.     The Asserted Class Claims Place More than $5,000,000 In Controversy.

15.     State Farm disputes that Plaintiff has stated any viable claims or that any damages whatsoever are owed to Plaintiff individually or on behalf of any alleged class. Nevertheless, it is evident from Plaintiff's proposed class definition and prayer for relief that Plaintiff actually puts at issue aggregate damages on behalf of the alleged class well in excess of the $5,000,000 aggregate threshold required by CAFA. This is so despite Plaintiff's artificial and legally impermissible attempt to cap asserted class damages below the CAFA threshold.

16.     As an initial matter, when considering whether CAFA jurisdiction exists, the Court should ignore Plaintiff's attempt to place an artificial cap on potential class recovery. *See Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1350 (2013) (holding that district courts should ignore plaintiffs' stipulations limiting damages "when following the [CAFA] statute to aggregate the proposed class members' claims"). Plaintiff alleges that "no individual Plaintiff's or Class Member's claim is equal to or greater than $75,000.00...[and] the total damages of Plaintiff and Class Members, inclusive of costs and attorneys' fees, does not exceed $5,000,000.00." Complaint at ¶ 3. Plaintiff's attempt to avoid federal jurisdiction by capping alleged class damages is precisely the type of stipulation the Supreme Court held in *Knowles* could not determine the proper CAFA jurisdictional analysis, because Plaintiff could not bind the remainder of the alleged class with the stipulation. 133 S.Ct. at 1350. Accordingly, what matters here is whether State Farm has submitted sufficient evidence to show that the amount in controversy exceeds $5,000,000. *See Deaton v. Frito-Lay N. Am., Inc.*, No. 1:12-CV-01029, 2013 WL 2455941, at *1 (W.D. Ark. June 5, 2013).

17.     This Circuit has recognized that under CAFA, a removing party need not establish the amount in controversy to a legal certainty even if the complaint purports to limit the damages of the asserted class. *Bell v. Hershey Co.*, 557 F.3d 953, 958 (8th Cir. 2009) (rejecting plaintiff's contention that defendant must prove amount in controversy to a legal certainty). Rather, the removing defendant bears the burden to demonstrate that the prerequisites for the Court's jurisdiction are met by a preponderance of the evidence. *Id.* at 956. Under the preponderance standard, "[t]he defendant does not have to prove by a preponderance that the amount in controversy *is* more than $5 million, but rather that a fact finder *might* legally conclude that it

is." *Basham v. Am. Nat'l Cnty. Mut. Ins. Co.*, --- F. Supp. 2d ----, 2013 WL 5755684, at *2 (W.D. Ark. Oct. 23, 2013) (emphases in original).

18.     On removal, a defendant may meet its burden of establishing the amount in controversy by presenting supplemental evidence, such as affidavits. *See Thatcher v. Hanover Ins. Grp., Inc.*, Civil No. 10-4172, 2012 WL 1933079, at *3 (W.D. Ark. May 29, 2012) (denying plaintiff's motion to remand because defendant's affidavits, showing amount in controversy, are evidence for removal purposes).

19.     Here, Plaintiff seeks recovery of *all* labor costs depreciated by State Farm in Arkansas for all alleged members of the putative class. *See* Complaint at ¶ 43 ("Plaintiff and other Class Members are entitled to recover damages sufficient to make them whole for *all* amounts Defendants unlawfully withheld from their ACV payments as labor cost depreciation.") (emphasis added); ¶ E (praying that the Court will "[a]ward the Class damages in an amount equal to the *total amount* of depreciated labor costs withheld on Class Members' claims") (emphasis added).

20.     State Farm has met its burden to establish that the foregoing damages sought by Plaintiff potentially would exceed the CAFA jurisdictional limit with the showing contained in the Guevara Affidavit submitted in support of this Notice of Removal.

21.     As noted in that Affidavit, State Farm's practice is not to depreciate stand-alone labor charges in its estimates of the cost of repair. (Guevara Aff., Ex. 3, at ¶ 5.)[4] However, State Farm does use Xactware unit pricing in its preparation of structural damage repair cost estimates, and Xactware's unit prices typically are comprised of embedded material and labor components (and sometimes also include an equipment component). For example, the Xactware's published

---

[4] For example, State Farm does not apply depreciation to such stand-alone labor repair cost items as roof tear-off charges or debris removal. (*Id.*)

square foot unit pricing for "R & R drywall" (*i.e.*, remove and replace drywall) includes a material component (the drywall itself), as well as a labor component (to pull off the existing drywall and put the new drywall in place). (*Id.*) State Farm has generally applied depreciation in its repair estimates, when appropriate, to all elements of the published unit cost, which again may include both embedded material and labor components. (*Id.*)

22.     The Guevara Affidavit also provides information pertaining to damage repair estimates State Farm prepared for its insureds on Arkansas properties as to which State Farm applied a depreciation deduction, as well as the aggregate dollar amount of such structural damage depreciation reflected on those estimates that was attributable to the embedded labor components of the unit pricing used in the repair estimates. (*Id.* at ¶ 6.) For the year 2009 alone – i.e. the year Plaintiff made his claim referenced in the Complaint – there were approximately 10,800 Arkansas property damage claims for which State Farm's repair estimates indicated a deduction for depreciation. (*Id.*) The total amount of depreciation deductions reflected on State Farm's repair estimates for Arkansas insureds that were uploaded to Xactware in 2009 was approximately $15.5 million. (*Id.*) Of that amount, over $6 million of the depreciation deductions were attributable to the embedded labor components of the unit prices used in the repair estimates. (*Id.*) Thus, State Farm's showing as to Plaintiff's asserted breach of contract damages more than meets the CAFA $5 million aggregate damages threshold, even when just one year of Plaintiff's asserted ten-year class period is considered.

23.     Moreover, Plaintiff also seeks statutory damages and attorneys' fees on behalf of all putative class members. Complaint, at ¶ F (praying that Court will "[a]ward the Class additional damages in the amount of twelve percent (12%) of the depreciated labor costs recovered"); ¶ I (praying that the Court will "[a]ward the Class reasonable attorneys' fees and

costs"). Statutory penalties are included when determining whether the amount in controversy exceeds $5,000,000. *See Basham*, 2013 WL 5755684, at *5, 8 (including statutory penalties in estimate of potential damages for purposes of CAFA jurisdiction). Estimates of attorneys' fees also are included in determining the amount in controversy where, as here, attorneys' fees are recoverable pursuant to state statute. *Knowles v. Standard Fire Ins. Co.*, No. 4:11-cv-04044, 2013 WL 3968490, at *5 (W.D. Ark. Aug. 2, 2013); *see also* ARK. CODE ANN. 23-79-208(a)(1) (permitting recovery of attorneys' fees where insurance company breaches insurance policy). These additional sources of potential recovery sought by Plaintiff further demonstrate that Plaintiff's pleading clearly places more than $5,000,000 in controversy, notwithstanding his allegations to the contrary.

24.     For all the foregoing reasons, State Farm has demonstrated that all prerequisites for CAFA jurisdiction have been met.

25.     Pursuant to Local Rule 5.5(d), a copy of the Civil Cover Sheet for this matter is attached hereto as Exhibit 4.

26.     Consistent with the requirements of 28 U.S.C. § 1446(a), copies of all other process, pleadings, and orders contained within the State Court file, together with a printout of the State Court's docket, are attached as Exhibit 5.

**WHEREFORE**, Defendants State Farm Fire and Casualty Company and State Farm General Insurance Company hereby remove this action from the Circuit Court of Miller County, Arkansas to this Court.

Respectfully submitted,

MUNSON, ROWLETT, MOORE
        AND BOONE, P.A.
400 W. CAPITOL AVENUE, SUITE 1900
LITTLE ROCK, AR 72201
501/374-6535; 501/374-5906 FAX
john.moore@mrmblaw.com

BY: _____
        JOHN E. MOORE         82111

CERTIFICATE OF SERVICE

I, John E. Moore, certify that a copy of the foregoing Notice of Removal was sent via U.S. mail this 31st day of December, 2013, to:

Jason E. Roselius
The Roselius Law Firm
13190 N. MacArthur Blvd.
Oklahoma City, OK 73142

_____
JOHN E. MOORE