D C 9 2013 10:11AM

# 04-K325-169 SUMMONS ORIGINAL

IN THE CIRCUIT COURT OF MILLER COUNTY, ARKANSAS          **CAUSE NO:** 46CV-13-274-1

**PLAINTIFF** JEFF DENNINGTON, Individually & on behalf of all others similarly situated

(If represented by attorney, give his name & address below. If not represented by attorney, give Plaintiff's address below.)

**ATTORNEY'S NAME** JASON ROSELIUS          **ADDRESS** 13190 N MACARTHUR BLVD

**CITY** OKLAHOMA CITY          **STATE** OK          **ZIP** 73142

**VS**

**DEFENDANT** STATE FARM FIRE & CASUALTY CO. and STATE FARM GENERAL INSURANCE CO.

(If represented by attorney, give his name & address below. If not represented by attorney, give Defendant's address below.)

**ATTORNEY'S NAME** _____          **ADDRESS** _____

**CITY** LITTLE ROCK          **STATE** AR          **ZIP** 72117

## SUMMONS IS ISSUED FOR:

**NAME** STATE FARM FIRE & CASUALTY COMPANY   REGISTERED AGENT: JOHN WELLS

**ADDRESS** 4600 EAST MCCAIN          **CITY** NORTH LITTLE ROCK          **STATE** AR          **ZIP** 72117

### STATE OF ARKANSAS- TO DEFENDANT:

1. A lawsuit has been filed against you. The relief demanded is stated in the attached complaint.
2. Within 30 days after service of this summons on you (not counting the day you received it) or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas, you must file with the Clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.
3. The answer or motion must also be served on the Plaintiff or Plaintiff's attorney whose name and address is listed above.
4. If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

WITNESS MY HAND AND SEAL OF THE CIRCUIT COURT this 2 day of DECEMBER, 2013

ADDRESS OF CIRCUIT CLERK'S OFFICE:
412 LAUREL RM 109
TEXARKANA, AR 71854

MARY PANKEY, CIRCUIT CLERK
BY _____ DEPUTY CLERK

## PROOF OF SERVICE

____ On this date: _____, I personally delivered this summons & complaint to the individual being served at address: _____ ; OR ____ I left this summons & complaint in the proximity of the individual being served after their refusal to accept said summons & complaint.

____ On this date: _____, I left the summons & complaint at the individual's dwelling, house or usual place of abode at address: _____ with _____, a person at least 14 years of age who resides there.

____ On this date: _____, I delivered the summons & complaint to _____ (name), an agent authorized by appointment or by law to receive service of summons on behalf of _____ (name of party being served); OR

____ I am the Plaintiff or an attorney of record for the Plaintiff in this lawsuit and I served the summons & complaint on the Defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt; OR

____ I am the Plaintiff in this lawsuit and I mailed a copy of the summons & complaint by first-class mail to the Defendant, together with two copies of a notice & acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

____ OTHER (specify): _____ ; OR

____ I was unable to execute service because: _____ ;
(See list at bottom of acknowledgment page.)

My fee is $ _____

**EXHIBIT 1**

**RECEIVED**
DEC 0 5 2013
FM JOHN WELLS

10c133430183

RE: SUMMONS ON CASE NO. 46CV-13-274-1 _____

TO BE COMPLETED IF SERVICE IS BY A SHERIFF OR DEPUTY SHERIFF:

DATE: _____

SHERIFF OF _____ COUNTY, ARKANSAS

BY: _____ (SERVER)

_____
(PRINTED NAME, TITLE AND BADGE NUMBER)

TO BE COMPLETED IF SERVICE IS BY A PERSON OTHER THAN A SHERIFF OR DEPUTY SHERIFF:

DATE: _____

BY: _____ (SIGNATURE)

PRINTED NAME: _____

ADDRESS: _____

_____

PHONE: _____

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE: _____

_____ NOTARY PUBLIC

MY COMMISSION EXPIRES: _____

ADDITIONAL INFORMATION REGARDING SERVICE OR ATTEMPTED SERVICE: _____

| PAPER IS RETURNED UNSERVED FOR THE REASON CHECKED BELOW: | ATTEMPTED SERVICE: | | |
|---|---|---|---|
| __ RECALLED BY _____ | DATE | TIME | REMARKS |
| __ INCORRECT – NO SUCH ADDRESS | | | |
| __ MOVED – NO FORWARDING ADDRESS | | | |
| __ UNKNOWN AT ADDRESS SHOWN | | | |
| __ MOVED – NEW ADDRESS BELOW | | | |
| _____ | BY: _____ DEPUTY SHERIFF | | |



# IN THE CIRCUIT COURT OF MILLER COUNTY, ARKANSAS

FILED

2013 NOV 21 P 3 45

KORY PANNY: CLERK
BY DEPUTY

**JEFF DENNINGTON,**
Individually and on behalf
Of all others similarly situated

PLAINTIFF

vs,

CASE NO. 46 CV-13-274-1

**STATE FARM FIRE & CASUALTY
COMPANY and STATE FARM GENERAL
INSURANCE COMPANY**

**DEFENDANTS**

## CLASS ACTION COMPLAINT

Comes now Plaintiff Jeff Dennington, individually and on behalf of all others similarly situated, and for his Class Action Complaint against Defendants State Farm Fire & Casualty Company and State Farm General Insurance Company ("State Farm" or "Defendants") states and alleges the following:

### Parties

1.  Plaintiff is an individual resident of Miller County, Arkansas.

2.  Defendants State Farm Fire & Casualty Company and State Farm General Insurance Company are foreign corporations conducting business in the State of Arkansas. According to records maintained by the Arkansas Insurance Department, both companies can be served with process through their common registered agent in the State of Arkansas: John Wells, 4600 East McCain, North Little Rock, AR 72117. In addition, pursuant to Ark. Code Ann. § 4-20-113, State Farm can be served with process by registered or certified mail, return receipt requested, addressed to one or more of the governors of the entity by name at its principal place of business.

1

## Jurisdiction and Venue

3.     This Court has subject matter jurisdiction over this action because the amount in controversy exceeds the minimum jurisdictional limits of the Court. Defendants are not Arkansas citizens for purposes of federal court diversity analysis. However, no individual Plaintiff's or Class Member's claim is equal to or greater than $75,000.00, inclusive of costs and attorneys' fees. Moreover, the total damages of Plaintiff and Class Members, inclusive of costs and attorneys' fees, does not exceed $5,000,000.00.

4.     This Court has personal jurisdiction over Defendants pursuant to Arkansas Code Annotated § 16-4-101 as Defendants have had more than minimum contact with the State of Arkansas and has availed itself of the privilege of conducting business in this state. In addition, as explained below, Defendants have committed affirmative acts within the State of Arkansas that give rise to civil liability.

5.     Venue is proper in this forum pursuant to Ark. Code Ann. § 16-55-213(a) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this county.

## Factual Background

6.     Plaintiff contracted with State Farm for an insurance policy providing coverage for certain losses to a dwelling and other structures owned by Plaintiff located at 2545 East St., Texarkana, Arkansas 71854. At all times relevant to this action Plaintiff's property was insured under State Farm Policy No. 04-CW-5481-9.

7.     On or about May 2, 2009, at a time when the above-described insurance policy was in full force and effect, Plaintiff suffered a covered loss to his property. He timely submitted a claim to Defendants requesting payment for his covered loss.

2

8.    Defendants subsequently confirmed that Plaintiff had sustained a covered loss to his property, and that Defendants were contractually obligated to pay Plaintiff's claim for his covered loss pursuant to the terms of his insurance policy.

9.    On or about May 2, 2009, Defendants sent an adjuster to inspect the damage to Plaintiff's property. As set forth in a written estimate and correspondence to Plaintiff, Defendants' adjuster determined that Plaintiff had suffered a covered loss in the amount of $32,502.86. The estimate included the cost of materials and labor required to complete the repairs. A copy of the estimate and correspondence sent to Plaintiff is attached as Exhibit "A."

10.    In calculating their payment obligations to Plaintiff, Defendants subtracted from the adjuster's replacement cost estimate the deductible provided for in the policy plus an additional $4,179.34 for depreciation. Plaintiff then received a net payment of $23,561.49 on his claim.

11.    The estimate upon which the Plaintiff's payment was based indicates that Defendants depreciated both material costs and labor costs associated with repairs to the property. For example, Defendants estimated the cost of repairing damage to the wall or roof panel of Plaintiff's carport at $2,252.80. Defendants then depreciated the total replacement cost estimate, which includes both materials and labor, by $450.56 to arrive at what they designate as an "ACV," *i.e.* actual cash value, of $1,802.24. Similarly, Defendants estimated the total cost of repairing damage to Plaintiff's 6' chain link fence at $3,158.40. Defendants depreciated the cost of both materials and labor by $1,579.20 to arrive at an ACV of $1,579.20.

### Policy Terms and Claims Settlement Practices

12.    The policies of insurance Defendants issued to Plaintiff and other members of the proposed class provide replacement cost value ("RCV") coverage for both total loss of and

3

partial loss to covered dwellings and other structures.

13.    At all times relevant to this cause of action, Defendants' custom and practice has been to pay their RCV policy holders the actual cash value ("ACV") of covered partial loss claims, net of any applicable deductible. In order to qualify for additional payment and recover the full RCV of the covered loss, the insured party must repair, rebuild or replace the damaged property within a specified time frame and submit proof to Defendants that the repair or replacement was timely completed. Costs that exceed the amount of the ACV payment are the responsibility of the policy holder.

14.    At all times relevant hereto, Defendants' methodology for calculating ACV has been to determine the cost of repairing or replacing the damaged property then deduct depreciation.

15.    Arkansas law permits an insurer to depreciate physical assets, *i.e.* materials used to repair or replace damaged property, when determining the ACV of a covered claim. However, an insurer may *not* depreciate labor costs associated with such repair or replacement.

16.    In the context of insurance law, "depreciation" is defined as "[a] decline in an *asset's value* because of use, wear, obsolescence, or age." BLACK'S LAW DICTIONARY 506 (9th ed. 2009) (emphasis added). Materials used in the repair or replacement of damaged property *e.g.* roofing shingles, diminish in value over time due to use, wear, obsolescence, and age. As such, these are assets that can be depreciated. In contrast, labor is not susceptible to aging or wear. Its value does not diminish over time. Conceptually, and practically, depreciation simply cannot be applied to labor costs.

17.    The Arkansas Insurance Department ("AID") recently issued a Bulletin clarifying its position regarding the depreciation of labor in claims made on policies with ACV loss

4

10c1334301841

settlement provisions. In Bulletin 13A-2013 the AID stated unequivocally that "**Labor of any kind related to the repair, rebuild, or replacement of covered property cannot be depreciated.**" (emphasis in original) In issuing the clarification, the AID emphasized that this "is not a new Department position." Rather, it is recognition, consistent with longstanding legal principles, that materials are subject to depreciation while labor is not.

18.     The position of the AID is also consistent with the universally accepted premise that the basic purpose of property insurance is to provide indemnity to policy holders. To indemnify means to put the insured back in the position he or she enjoyed before the loss - no better and no worse. A policy that provides for payment of the ACV of a covered loss is an indemnity contract because the purpose of the ACV payment is to make the insured whole but not to benefit him or her because a loss occurred. *See* APPLEMAN ON INSURANCE 2D § 3823. An RCV policy expands the basic concept of indemnity to include coverage for repair and replacement costs that exceed the ACV of the loss.

19.     In order to recover the RCV of their covered loss, Plaintiff and other Class Members are required to pay out of pocket the difference between the cost of materials and labor necessary to repair or replace the damaged property and the depreciated ACV payment they received from Defendants. While an insurer may lawfully depreciate material costs in calculating the amount of an ACV payment owed to an insured, it may not depreciate labor costs. Defendants' failure to pay the full cost of the labor necessary to repair or replace Plaintiff's damaged property in the ACV payment left Plaintiff under-indemnified and underpaid for his losses.

20.     Defendants materially breached their duty to indemnify Plaintiff by depreciating labor costs associated with repairs to Plaintiff's property in the ACV payment, thereby paying

5

Plaintiff less than what he was entitled to receive under the terms of his insurance contract.

## Class Action Allegations

21.     Pursuant to Arkansas Rule of Civil Procedure 23, Plaintiff brings this lawsuit as a class action on behalf of himself and all others similarly situated. This action satisfies the ARCP 23(a) requirements of numerosity, commonality, typicality, and adequacy of representation, and the Rule 23(b) requirements of predominance and superiority.

22.     The proposed Class which Plaintiff seeks to represent is defined as follows:

All persons and entities that received "actual cash value" payments, directly or indirectly, from State Farm for loss or damage to a dwelling or other structure located in the State of Arkansas, such payments arising from events that occurred within the ten years preceding the date of filing of this Class Action Complaint, where the cost of labor was depreciated. Excluded from the Class are: (1) all persons and entities that received payment from State Farm in the full amount of insurance shown on the declarations page; (2) State Farm and its affiliates, officers, and directors; (3) members of the judiciary and their staff to whom this action is assigned; and (4) Plaintiff's counsel.

23.     The members of the Class are so numerous that joinder of all members is impracticable. Plaintiff reasonably believes that hundreds if not thousands of people geographically dispersed across Arkansas have been damaged by Defendants' actions. The names and addresses of the members of the Class are identifiable through records maintained by Defendants, and Class Members may be notified of the pendency of this action by mailed, published and/or electronic notice.

24.     Common questions of law and fact exist as to all Class Members and predominate over any questions affecting only individual Class Members. The questions of law and fact common to the Class include, but are not limited to:

> A.     Whether Defendants' insurance policies allow Defendants to depreciate labor in calculating ACV payments for covered losses;

6

B.     Whether Defendants' insurance policies are ambiguous concerning the depreciation of labor costs in calculating ACV payments, and if so, how Defendants' insurance policies should be interpreted;

C.     Whether Defendants' depreciation of labor costs in making ACV payments for covered losses is a breach of the insurance contracts issued by Defendants to Plaintiff and other Class Members;

D.     Whether Plaintiff and other Class Members have been damaged by Defendants' breaches, as alleged herein, and if so:

      1.     What is the nature and extent of those damages; and

      2.     What relief should be awarded to Plaintiff and other Class Members; and

E.     Whether Defendants have been unjustly enriched by retaining money that should have been paid to Plaintiff and other Class Members.

25.     Plaintiff's claim is typical of the claims of all Class Members, as they are all similarly affected by Defendants' custom and practice of unlawful and unjust conduct and their claims are based on such conduct. Further, Plaintiff's claims are typical of the claims of all Class Members because their claims arise from the same underlying facts and are based on the same factual and legal theories. Plaintiff is no different in any material respect from any other member of the Class.

26.     Plaintiff and his counsel will fairly and adequately protect the interests of the members of the Class. Plaintiff's interests do not conflict with the interests of the Class he seeks to represent. Plaintiff has retained counsel who are competent and experienced in class action litigation, including insurance-related cases. Plaintiff and his counsel will prosecute this action vigorously.

27.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Joining all Class Members in one action is impracticable and

7

prosecuting individual actions is not feasible. The size of the individual claims is likely not large enough to justify filing a separate action for each claim. For many, if not most Class Members, a class action is the only procedural mechanism that will afford them an opportunity for legal redress and justice. Even if Class Members had the resources to pursue individual litigation, that method would be unduly burdensome to the courts in which such cases would proceed. Individual litigation exacerbates the delay and increases the expense for all parties, as well as the court system. Moreover individual litigation could result in inconsistent adjudications of common issues of law and fact.

28. In contrast, a class action will minimize case management difficulties and provide multiple benefits to the litigating parties, including efficiency, economy of scale, unitary adjudication with consistent results and equal protection of the rights of Plaintiff and Class Members. These benefits would result from the comprehensive and efficient supervision of the litigation by a single court.

29. Class certification is further warranted because Defendants have acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Class as a whole.

Fraudulent Concealment

30. At all times relevant to the allegations set forth herein, Defendants owed a fiduciary duty to, and/or had a special relationship with, Plaintiff and other Class Members.

31. Throughout the claims process, Plaintiff and other Class Members asked Defendants to pay them what they were entitled to receive as the ACV of their covered losses under the terms of their insurance policies. Defendants represented to Plaintiff and other Class

8

Members that their ACV payments were the full amount owed under their policies and that no additional money was owed.

32.    Plaintiff and other Class Members justifiably and reasonably relied upon Defendants' representations that they had received all they were entitled to recover as ACV payments from Defendants under the terms of their policies.

33.    Defendants had a duty to disclose to Plaintiff and other Class Members that they were entitled to recover the full cost of labor necessary to repair or replace their property in their ACV payments. Defendants not only failed to disclose this information, they acted in a manner designed to conceal it from Plaintiff and other Class Members. Because of Defendants' actions, Plaintiff and other Class Members could not have known they had been underpaid on their claims through the exercise of due diligence.

34.    Defendants' fraudulent concealment tolls the running of any statute of limitations that may otherwise be applicable to the claims for relief asserted herein.

## Causes of Action

### Count I - Breach of Contract

35.    Plaintiff hereby incorporates by reference all preceding paragraphs as if fully set forth herein.

36.    Defendants entered into policies of insurance with Plaintiff and other members of the proposed Class. These policies govern the relationship between Defendants, Plaintiff and other Class Members, as well as the manner in which claims for covered losses are handled.

37.    The insurance policies at issue were drafted by Defendants and are essentially identical in all respects material to this litigation.

9

38.     Plaintiff and other Class Members complied with all material provisions and fulfilled their respective duties with regard to their policies.

39.     The policies of insurance Defendants issued to Plaintiff and other members of the proposed class state that in the event of a partial loss Defendants may fulfill its initial contractual obligation to an insured party by paying the ACV of the loss.  At all times relevant hereto, Defendants' custom and practice has been, and is, to make such payments based upon Defendants' calculation of the ACV for the partial loss, net of any applicable deductible.

40.     Defendants breached their contractual duty to pay Plaintiff and other Class Members the ACV of their claims by unlawfully depreciating labor costs.

41.     Defendants' actions in breaching their contractual obligations to Plaintiff and other Class Members benefitted, and continue to benefit, Defendants.  Likewise, Defendants' actions damaged, and continue to damage, Plaintiff and other Class Members.

42.     Defendants' actions in breaching their contractual obligations, as described herein, are the direct and proximate cause of damages to Plaintiff and other Class Members.

43.     In light of the foregoing, Plaintiff and other Class Members are entitled to recover damages sufficient to make them whole for all amounts Defendants unlawfully withheld from their ACV payments as labor cost depreciation.

<strong>Count II – Unjust Enrichment</strong>

44.     Plaintiff hereby incorporates by reference all preceding paragraphs as if fully set forth herein.

45.     Defendants' conduct as described above, and as more specifically alleged in this Count, also constitutes unjust enrichment, for which Plaintiff and other Class Members are entitled to pursue equitable remedies in accordance with Arkansas law.

10

46.   Defendants made payments to Plaintiff and other Class Members for covered losses to their property which ostensibly represented the ACV of their claims, net of deductibles. However, in calculating the ACV of such claims, Defendants wrongfully depreciated labor costs. As a result, the payments Plaintiff and other Class Members received were less than the true ACV of their claims.

47.   Defendants' actions were unjust and inequitable in that they paid Plaintiff and other Class Members less than they were entitled to receive for their claims.

48.   Defendants' actions were unjust and inequitable in that Defendants failed to disclose to Plaintiff and other Class Members that they were receiving less than the true ACV of their claims.

49.   Defendants' actions were unjust and inequitable in that Defendants concealed from Plaintiff and other Class Members that they were receiving less than the true ACV of their claims.

50.   Defendants' actions were unjust and inequitable in that Defendants owed a fiduciary duty to, and/or had a special relationship with, Plaintiff and other Class Members.

51.   As a result of their unjust and inequitable actions, Defendants were unjustly enriched by receiving something of value they were not entitled to.   More specifically, Defendants retained, and had the beneficial use of, money that Plaintiff and other Class Members were entitled to and should have received in payment of their claims.

52.   As a result of their unjust and inequitable actions, Defendants were unjustly enriched by receiving money under such circumstances that, in equity and good conscience, they ought not to retain.

11

53.    In light of the foregoing, Plaintiff and other Class Members are entitled to restitution and other equitable relief.

## Prayer for Relief

WHEREFORE, Plaintiff Jeff Dennington, individually and on behalf of all others similarly situated, request that the Court grant the following relief:

A.    Certify that this lawsuit may be prosecuted as a Class Action pursuant to Rule 23 of the Arkansas Rules of Civil Procedure;

B.    Appoint Plaintiff and Plaintiff's counsel to represent the Class;

C.    Declare that Defendants have breached their contractual obligations to the Class by depreciating labor costs;

D.    Declare that Defendants have been unjustly enriched as the result of their wrongful conduct;

E.    Award the Class damages in an amount equal to the total amount of depreciated labor costs withheld on Class Members' claims;

F.    Award the Class additional damages in the amount of twelve percent (12%) of the depreciated labor costs recovered pursuant to Ark. Code Ann. § 23-79-208;

G.    Award the Class prejudgment and post-judgment interest;   .

H.    Enjoin Defendants from engaging in the unlawful and unjust conduct complained of herein;

I.    Award the Class reasonable attorneys' fees and costs; and

J.    Afford the Class any and all additional relief to which Plaintiffs and other Class Members may prove themselves entitled.

12

10c1334301848

Respectfully submitted,

JEFF DENNINGTON, Individually and on behalf
of all others similarly situated, PLAINTIFF

By: _Jason Roselius_

JASON E. ROSELIUS
Arkansas Bar Number 2009014
Oklahoma Bar Number 16721
THE ROSELIUS LAW FIRM
13190 N. MacArthur Blvd.
Oklahoma City, Oklahoma 73142
Telephone: 405.603.2222
Facsimile: 405.603.2250
roselius@roseliuslaw.com

Counsel for Plaintiff and the Proposed Class

13

# EXHIBIT A

DEC 9 2013 10:16AM

'1:34a                                                                    p.1
From:State Farm        Fax: State Farm        NO/XX/1 at:800-07-701X-15:123  Doc:233  Page:002

State Farm Insurance Companies

N, JBFF                                                                    5/5/2009 7:43 PM

## Structural Damage Claim Policy

When you have a covered structural damage claim to your real property, you should know:

- We want you to receive quality repair work to restore the damages to your property.

- We will provide you with a detailed estimate of the scope of the damage and costs of repairs. Should the contractor you select have questions concerning our estimate, they should contact your claim representative directly.

- Depending upon the complexity of your repair, our estimate may or may not include an allowance for general contractor's overhead and profit. If you have questions regarding general contractor's overhead and profit or whether general contractor services are appropriate for your loss, please contact your claim representative before proceeding with repairs.

- If you select a contractor whose estimate is the same as or lower than our estimate, based on the same scope of damages, we will pay based upon their estimate. If your contractor's estimate is higher than ours, you should contact your claim representative prior to beginning repairs.

- State Farm cannot authorize any contractor to proceed with work on your property. Repairs should proceed only with your authorization.

- State Farm does not guarantee the quality of the workmanship of any contractor or guarantee that the work will be accomplished within any specific time frame.

- It is understood that the contractor is hired by you, our insured, and that they work for you - not State Farm.

If you have any questions or need additional information regarding your claim please contact your claim representative immediately.

.0                                                                        Page: 1

10c1334301852

## State Farm Insurance Companies
PO Box 131
Tulsa, OK 74101-0131
(888) 291-4725
Fax: (888) 784-7674
5/5/2009 7:43 PM

| | | | | | |
|---|---|---|---|---|---|
| Estimate: | 04-R325-969 | | | Claim Number: | 04-R325-969 |
| Insured: | DENNINGTON, JEFF | | | Policy Number: | 04-CW-5481-9 |
| Property: | 2545 EAST ST | | | Type of Loss: | Wind Damage |
| | TEXARKANA, AR 71854-8005 | | | Deductible: | |
| Home: | (870) 653-3709 | | | Price List: | ARTHRF_APR09A |
| Business: | (870) 772-2388 | | | | Restoration/Service/Remodel |
| | | | | | F = Factored In, O = Do Not Apply |
| | | | | Date of Loss: | 5/2/2009 |
| | | | | Date Inspected: | 5/5/2009 |

### Summary for Dwelling Extension

| Line Item Total | | | | 18,182.32 |
|---|---|---|---|---|
| Material Sales Tax | @ | 8.250% x | 6,472.28 | 533.96 |
| Cleaning Matl Tax | @ | 8.250% x | 6,472.28 | 533.96 |
| **Subtotal** | | | | 19,250.24 |
| General Contractor Overhead | @ | 10.0% x | 13,750.26 | 1,375.03 |
| General Contractor Profit | @ | 10.0% x | 13,750.26 | 1,375.03 |
| Service Sales Tax | @ | 8.250% x | 15,859.55 | 1,308.41 |

| | |
|---|---|
| Replacement Cost Value (Including General Contractor Overhead and Profit) | 23,308.71 |
| Less Depreciation (Including Taxes) | (3,944.09) |
| Less General Contractor Overhead & Profit on Recoverable & Non-recoverable Depreciation | (730.86) |
| Less Tax on General Contractor Overhead and Profit on Depreciation | (57.96) |
| Less Deductible | (0.00) |
| Less Amount Over Limit(s) | (3,989.80) |
| **Net Actual Cash Value Payment** | **$14,586.00** |

### Maximum Additional Amounts Available If Incurred:

| | |
|---|---|
| Total Line Item Depreciation (Including Taxes) | 3,944.09 |
| Less Non-recoverable Depreciation (Including Taxes) | <643.53> |
| **Subtotal** | 3,300.56 |
| General Contractor Overhead and Profit on Recoverable Depreciation | 611.58 |
| Tax on General Contractor Overhead and Profit on Recoverable Depreciation | 48.54 |
| Less Amount Over Limit(s) | (3,960.68) |
| **Total Maximum Additional Amount Available If Incurred** | **0.00** |
| **Total Amount of Claim If Incurred** | **$14,586.00** |

04-R325-969

0c1334301853

AUG 08 13 11:34a
Yo:                  FromState Farm          Far:State Farm        NO/FAX/: at:AUN-07-2013-15:25  Doc:732  Page:005     p. 4

State Farm Insurance Companies
PO Box 131
Tulsa, OK 74101-0131
(888) 291-4725
Fax: (188) 784-7674
5/5/2009 7:43 PM

McCabe, Shane

**ALL AMOUNTS PAYABLE ARE SUBJECT TO THE TERMS, CONDITIONS AND LIMITS OF YOUR POLICY.**

Page: 4

04-I 325-900

0c1334301854



### Explanation of Building Replacement Cost Benefits
### Homeowner Policy

5/5/2009 7:43 PM
[Barcode Only]

To:   Name:        DENNINGTON, JEFF
      Address:     2545 EAST ST
      City:        TEXARKANA
      State/Zip:   AR, 71854-8005

Insured:          DENNINGTON, JEFF          Claim Number:   04-R325-969
Date of Loss:     5/2/2009                  Cause of Loss:  WIND

Your insurance policy provides replacement cost coverage for some or all of the loss or damage to your dwelling or structures. Replacement cost coverage pays the actual and necessary cost of repair or replacement, without a deduction for depreciation, subject to your policy's limit of liability. To receive replacement cost benefits you must:

1. Complete the actual repair or replacement of the damaged part of the property within two years of the date of loss; and

2. Notify us within 30 days after the work has been completed.

3. Confirm completion of repair or replacement, by submitting invoices, receipts or other documentation to your agent or claim office.

Until these requirements have been satisfied, our payment(s) to you will be for the actual cash value of the damaged part of the property, which may include a deduction for depreciation.

Without waiving the above requirements, we will consider paying replacement cost benefits prior to actual repair or replacement if we determine repair or replacement costs will be incurred because repairs are substantially under way or you present a signed contract acceptable to us.

The estimate to repair or replace your damaged property is $32,502.86. The enclosed claim payment to you of $23,561.49 is for the actual cash value of the damaged property at the time of loss, less any deductible that may apply. We determined the actual cash value by deducting depreciation from the estimated repair or replacement cost. Our estimate details the depreciation applied to your loss. Based on our estimate, the additional amount available to you for replacement cost benefits (recoverable depreciation) is $4,179.14.

If you cannot have the repairs completed for the repair/replacement cost estimated, please contact your claim representative prior to beginning repairs.

All policy provisions apply to your claim.

Any person who knowingly presents a false or fraudulent claim for the payment of a loss or benefit or knowingly presents false information in an application for insurance is guilty of a crime and may be subject to fines and confinement in prison.

## State Farm Insurance Companies

DENNINGTON, JEFF                                          5/5/2009 7:43 PM

04-R325-969

**House**

| | | |
|---|---|---|
| 0.00 SF Walls | 0.00 SF Ceiling | 0.00 SF Walls & Ceiling |
| 0.00 SF Floor | 0.00 SF Short Wall | 0.00 LF Floor Perimeter |
| 0.00 SF Long Wall | | 0.00 LF Ceil. Perimeter |

| DESCRIPTION | QUANTITY | UNIT COST | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|
| 1. R&R Sheathing – plywood – 1/2" CPX | 304.00 SF | 1.28 | 389.12 | | 389.12 |
| 2. R&R Soffit – box framing – 2' overhang | 38.00 LF | 4.10 | 155.80 | | 155.80 |
| 3. R&R Soffit – wood | 76.00 SF | 3.29 | 250.04 | | 250.04 |
| 4. R&R 1" x 2" lumber (.167 BF per LF) | 38.00 LF | 1.66 | 63.08 | | 63.08 |
| 5. R&R Fascia – 1" x 6" – #1 pine | 38.00 LF | 3.94 | 149.72 | | 149.72 |
| 6. R&R 1" x 12" lumber (1 BF per LF) | 3.00 LF | 3.33 | 9.99 | | 9.99 |
| 7. Prime & paint exterior fascia – wood, 4" – 6" wide | 282.00 LF | 1.01 | 284.82 | (94.94) | 189.88 |
| 8. Prime & paint exterior soffit – wood | 76.00 SF | 1.34 | 101.84 | (33.95) | 67.89 |
| 9. Seal & paint wood siding | 96.00 SF | 0.83 | 79.68 | (26.56) | 53.12 |
| * 10. Seal & paint gable vent | 1.00 EA | 25.67 | 25.67 | (8.56) | 17.11 |
| 11. R&R Meter mast for overhead power – 2" conduit | 1.00 EA | 408.66 | 408.66 | | 408.66 |

| Total: House | | | 1,918.42 | 164.01 | 1,754.41 |
|---|---|---|---|---|---|

**Back Shed**

| | | |
|---|---|---|
| 0.00 SF Walls | 0.00 SF Ceiling | 0.00 SF Walls & Ceiling |
| 0.00 SF Floor | 0.00 SF Short Wall | 0.00 LF Floor Perimeter |
| 0.00 SF Long Wall | | 0.00 LF Ceil. Perimeter |

| DESCRIPTION | QUANTITY | UNIT COST | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|
| 12. R&R Wall or roof panel – corrugated | 24.00 SF | 2.56 | 61.44 | | 61.44 |

04-R325-969                                              Page: 6

Aug 06 13 11:51a    kelli Ashbrook                    9086321533              p.3
To:                 From:State Fare    Fax:State Farm   KOFAXG ab:AUG-07-2013-15:25  Doc:232  Page:003

## State Farm Insurance Companies

DE\NINGTON, JEFF                                              5/3/2009 7:43 PM

### CONTINUED - Back Shed

| DESCRIPTION | QUANTITY | UNIT COST | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|
| Totals: Back Shed | | | 61.44 | 0.00 | 61.44 |

**Carport**

0.00 SF Walls        0.00 SF Ceiling        0.00 SF Walls & Ceiling
0.00 SF Floor        0.00 SF Short Wall     0.00 LF Floor Perimeter
0.00 SF Long Wall                           0.00 LF Ceil. Perimeter

| DESCRIPTION | QUANTITY | UNIT COST | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|
| * 2J. R&R Round pipe - uprights, p. urline and rafters | 468.00 LF | 9.68 | 4,530.24 | (453.02) | 4,077.22 |
| 2L. R&R 2" x 4" lumber (.667 DF p. r LF) | 200.00 LF | 1.74 | 348.00 | | 348.00 |
| 2L. R&R Wall or roof panel - corrugated | 880.00 SF | 2.56 | 2,252.80 | (450.56) | 1,802.24 |
| Totals: Carport | | | 7,131.04 | 903.58 | 6,227.46 |

**Fencing**

0.00 SF Walls        0.00 SF Ceiling        0.00 SF Walls & Ceiling
0.00 SF Floor        0.00 SF Short Wall     0.00 LF Floor Perimeter
0.00 SF Long Wall                           0.00 LF Ceil. Perimeter

| DESCRIPTION | QUANTITY | UNIT COST | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|
| 1J. R&R Chain link fence w/posts & top rail - 4' high | 20.00 LF | 9.00 | 180.00 | (90.00) | 90.00 |
| 1J. R&R Chain link fence w/posts & top rail - 6' high | 280.00 LF | 11.28 | 3,158.40 | (1,579.20) | 1,579.20 |
| 1J. R&R Wood fence 5' - 6' high - cedar | 22.00 LF | 25.07 | 551.54 | <546.02> | 5.52 |
| * 16. R&R Round pipe - posts & top rails | 120.00 LF | 9.68 | 1,161.60 | (116.16) | 1,045.44 |
| 1J. R&R Chain link fence - fabric only - 4' high - galvanized | 80.00 LF | 3.41 | 272.80 | (136.40) | 136.40 |

0c1334301857

## State Farm Insurance Companies

DENNINGTON, JEFF                                              5/5/2009 7:43 PM

### CONTINUED - Fencing

| DESCRIPTION | QUANTITY | UNIT COST | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|
| Totals: Fencing | | | 5,324.34 | 2,467.78 | 2,856.56 |

Tree Removal

| | | | |
|---|---|---|---|
| 0.00 SF Walls | 0.00 SF Ceiling | 0.00 SF Walls & Ceiling |
| 0.00 SF Floor | 0.00 SF Short Wall | 0.00 LF Floor Perimeter |
| 0.00 SF Long Wall | | 0.00 LF Ceil. Perimeter |

| DESCRIPTION | QUANTITY | UNIT COST | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|
| 18. Policy Tree Debris Removal Limit | 1.00 EA | 500.00 *EN | 500.00 | | 500.00 |
| * 19. Tree - tear out and disposal (Dwelling) | 3.00 EA | 1,833.33 *EN | 5,499.99 | | 5,499.99 |

The entry above is for the removal of the 3 trees that hit the house.

| | | | | | |
|---|---|---|---|---|---|
| * 20. Tree - tear out and disposal (Dwelling Extensions) | 3.00 EA | 1,833.33 *EN | 5,499.99 | | 5,499.99 |

The entry above is for the 3 trees that only hit a dwelling extension item (fence or carport).

The policyholders received an estimate to remove and dispose of all 6 trees for $11,500. The entries above represent the breakdown of how much each tree will cost to remove.

| Total : Tree Removal | | | 11,499.98 | 0.00 | 11,499.98 |
|---|---|---|---|---|---|

| Line Item Subtotals: 04-R325-969 | | | 25,935.22 | 3,535.37 | 22,399.85 |
|---|---|---|---|---|---|

10c1334301858

Aug 08 13 11:53a    kelli Ashbrook                          9038321533            p.1
         'by           From:State Park      Fax:State Farm    KGSNXN) At:AUO-07-2013-15:25  Doc:232  Page/010

## State Farm Insurance Companies

DENNINGTON, JEFF                                              5/5/2009 7:43 PM

| Adjustments for Base Service Charges | | | | | | Adjustment |
|---|---|---|---|---|---|---|
| Carpenter - General Framer | | | | | | 103.48 |
| | Coverage | Dwelling | . @ | 47.40 % | 49.05 | |
| | | Dwelling Extension | @ | 52.60 % | 54.43 | |
| Electrician | | | | | | 142.16 |
| | Coverage | Dwelling | @ | 100.00 % | 142.16 | |
| Fencing Installer | | | | | | 71.78 |
| | | Dwelling Extension | . @ | 100.00 % | 71.78 | |
| Painter | | | | | | 97.06 |
| | Coverage | Dwelling | @ | 100.00 % | 97.06 | |
| Siding Installer | | | | | | 100.40 |
| | Coverage | Dwelling | @ | 100.00 % | 100.40 | |
| Steel Worker | | | | | | 102.24 |
| | Coverage | Dwelling | @ | 1.47 % | 1.50 | |
| | | Dwelling Extension | @ | 98.53 % | 100.74 | |

| Total Adjustments for Base Service Charges: | | | | | 617.12 |
|---|---|---|---|---|---|
| LINE ITEM TOTALS: 04-R325-969 | | | 26,552.34 | 3,535.37 | 23,016.97 |

### Grand Total Areas:

| Coverage | Amount | % | Grand Total | % |
|---|---|---|---|---|
| Dwelling | 7,979.85 | 30.77% | 8,975.48 | 32.58% |
| Dwelling Extension | 17,955.37 | 69.23% | 18,575.80 | 67.42% |
| Total | 25,935.22 | 100.00% | 27,551.28 | 100.00% |

04-R325-969                                                  Page: 9

Aug 06 13 11:53a   kelli Ashbrook          9038821538          p.2

To:     From State Farm      Kelli State Farm      KOFAXD  at:AUG-07-2013-18:25  Doc: 232  Page: 011

## Trade Summary
Includes all applicable Tax, General Contractor O&P, and Base Service Charges

| DESCRIPTION | LINE ITEM QNTY | REPL. COST TOTAL | ACV | NON-REC. DEPREC. | MAX ADDL. AMT AVAIL. |
|---|---|---|---|---|---|
| **DMO    GENERAL DEMOLITION** | | | | | |
| Remove Policy Tree Debris Removal Limit | 1.00 EA | $500.00 | $500.00 | $0.00 | $0.00 |
| Remove Tree - tear out and disposal (Dwelling Extensions) | 3.00 EA | $5,499.99 | $5,499.99 | $0.00 | $0.00 |
| Remove Tree - tear out and disposal (Dwelling) | 3.00 EA | $5,499.99 | $5,499.99 | $0.00 | $0.00 |
| TOTAL GENERAL DEMOLITION | | $11,499.98 | $11,499.98 | $0.00 | $0.00 |
| **ELE    ELECTRICAL** | | | | | |
| R&R Meter mast for overhead power - 2" conduit | 1.00 EA | $741.57 | $741.57 | $0.00 | $0.00 |
| TOTAL ELECTRICAL | | $741.57 | $741.57 | $0.00 | $0.00 |
| **FEN    FENCING** | | | | | |
| R&R Chain link fence w/posts & top rail - 4' high | 20.00 LF | $256.58 | $130.29 | $0.00 | $126.29 |
| R&R Chain link fence w/posts & top rail - 6' high | 280.00 LF | $4,497.64 | $2,284.04 | $0.00 | $2,213.60 |
| R&R Chain link fence - fabric only - 4' high - galvanized | 80.00 LF | $387.90 | $197.03 | $0.00 | $190.87 |
| R&R Wood fence 5'- 6' high - cedar | 22.00 LF | $792.68 | $20.45 | <$772.23> | $0.00 |
| TOTAL FENCING | | $5,934.80 | $2,631.81 | <$772.23> | $2,530.76 |
| **FRC    FRAMING & ROUGH CARPENTRY** | | | | | |
| R&R 1" x 12" lumber (1 BF per LF) | 3.00 LF | $15.27 | $15.27 | $0.00 | $0.00 |
| R&R 1" x 2" lumber (.167 BF per LF) | 38.00 LF | $91.75 | $91.75 | $0.00 | $0.00 |
| R&R 2" x 4" lumber (.667 BF per LF) | 200.00 LF | $537.19 | $537.19 | $0.00 | $0.00 |
| R&R Sheathing - plywood - 1/2" CDX | 304.00 SF | $589.08 | $589.08 | $0.00 | $0.00 |
| TOTAL FRAMING & ROUGH CARPENTRY | | $1,233.29 | $1,233.29 | $0.00 | $0.00 |
| **MT1    METAL STRUCTURES & COMPONENTS** | | | | | |
| R&R Wall or roof panel - corrugated | 24.00 SF | $86.32 | $86.32 | $0.00 | $0.00 |
| R&R Wall or roof panel - corrugated | 880.00 SF | $3,133.01 | $2,514.35 | $0.00 | $618.66 |
| TOTAL METAL STRUCTURES & COMPONENTS | | $3,219.33 | $2,600.67 | $0.00 | $618.66 |
| **PNT    PAINTING** | | | | | |
| Prime & paint exterior fascia - wood, 4"- 6" wide | 282.00 LF | $448.16 | $322.89 | $0.00 | $125.27 |
| Seal & paint wood siding | 96.00 SF | $130.15 | $93.73 | $0.00 | $36.42 |
| Prime & paint exterior soffit - wood | 76.00 SF | $162.74 | $117.23 | $0.00 | $45.51 |
| Seal & paint gable vent | 1.00 EA | $40.99 | $29.52 | $0.00 | $11.47 |

Note: Slight variances may be found within report sections due to rounding

Page: 10

10c1334301860

## Trade Summary
### Includes all applicable Tax, General Contractor O&P, and Base Service Charges

| DESCRIPTION | LINE ITEM QNTY | REPL. COST TOTAL | ACV | NON-REC. DEPREC. | MAX ADDL. AMT AVAIL. |
|---|---|---|---|---|---|
| **PNT    PAINTING** | | | | | |
| TOTAL PAINTING | | $782.04 | $563.37 | $0.00 | $218.67 |
| **SFG    SOFFIT, FASCIA, & GUTTER** | | | | | |
| R&R Fascia - 1" x 6" - #1 pine | 38.00 LF | $242.75 | $242.75 | $0.00 | $0.00 |
| R&R Soffit - wood | 76.00 SF | $406.31 | $406.31 | $0.00 | $0.00 |
| R&R Soffit - box framing - 2' overhang | 38.00 LF | $239.07 | $239.07 | $0.00 | $0.00 |
| TOTAL SOFFIT, FASCIA, & GUTTER | | $888.13 | $888.13 | $0.00 | $0.00 |
| **STL    STEEL COMPONENTS** | | | | | |
| R&R Round pipe - posts & top rails | 120.00 LF | $1,674.23 | $1,508.66 | $0.00 | $165.57 |
| R&R Round pipe - uprights, purlins and rafters | 468.00 LF | $6,529.49 | $5,883.80 | $0.00 | $645.69 |
| TOTAL STEEL COMPONENTS | | $8,203.72 | $7,392.46 | $0.00 | $811.26 |
| **TOTALS** | | $32,502.84 | $27,551.28 | <$772.23> | $4,179.35 |

10c133430186

## State Farm Insurance Companies

DENNINGTON, JEFF                                                                    5/5/2009 7:43 PM

### Recap by Room

Estima e: 04-R325-959

| | | | |
|---|---|---|---|
| House | | 1,918.42 | 7.23% |
| Coverage: Dwelling | 100.00% = | 1,918.42 | |
| Back Shed | | 61.44 | 0.23% |
| Coverage: Dwelling | 100.00% = | 61.44 | |
| Carport | | 7,131.04 | 26.86% |
| Coverage: Dwelling Extension | 100.00% = | 7,131.04 | |
| Fencing | | 5,324.34 | 20.05% |
| Coverage: Dwelling Extension | 100.00% = | 5,324.34 | |
| Tree Removal | | 11,499.98 | 43.31% |
| Coverage: Dwelling | 52.17% = | 5,999.99 | |
| Coverage: Dwelling Extension | 47.83% = | 5,499.99 | |
| | | | |
| Subtotal of Areas | | 25,935.22 | 97.68% |
| Coverage: Dwelling | 30.77% = | 7,979.85 | |
| Coverage: Dwelling Extension | 69.23% = | 17,955.37 | |
| Base Service Charges | | 617.12 | 2.32% |
| | | | |
| Total | | 26,552.34 | 100.00% |

10c1334301862

## State Farm Insurance Companies

DENNINGTON, JEFF                                                              5/5/2009 7:43 PM

### Recap by Category with Depreciation

| O&P Items | | | RCV | Deprec. | ACV |
|---|---|---|---|---|---|
| ELECTRICAL | | | 408.66 | | 408.66 |
| Coverage: Dwelling | @ | 100.00% = | 408.66 | | |
| FENCING | | | 4,162.74 | 2,351.62 | 1,811.12 |
| Coverage: Dwelling Extension | @ | 100.00% = | 4,162.74 | | |
| FRAMING & ROUGH CARPENTRY | | | 810.19 | | 810.19 |
| Coverage: Dwelling | @ | 57.05% = | 462.19 | | |
| Coverage: Dwelling Extension | @ | 42.95% = | 348.00 | | |
| METAL STRUCTURES & COMPONENTS | | | 2,314.24 | 450.56 | 1,863.68 |
| Coverage: Dwelling | @ | 2.65% = | 61.44 | | |
| Coverage: Dwelling Extension | @ | 97.35% = | 2,252.80 | | |
| PAINTING | | | 492.01 | 164.01 | 328.00 |
| Coverage: Dwelling | @ | 100.00% = | 492.01 | | |
| SOFFIT, FASCIA, & GUTTER | | | 555.56 | | 555.56 |
| Coverage: Dwelling | @ | 100.00% = | 555.56 | | |
| STEEL COMPONENTS | | | 5,691.84 | 569.18 | 5,122.66 |
| Coverage: Dwelling Extension | @ | 100.00% = | 5,691.84 | | |
| Subtotal | | | 14,435.24 | 3,535.37 | 10,899.87 |
| Base Service Charges | | | 617.12 | | 617.12 |
| Material Sales Tax | @ | 8.250% | 580.17 | 143.71 | 436.46 |
| Cleaning Matl Tax | @ | 8.250% | 580.17 | 143.71 | 436.46 |
| General Contractor Overhead | @ | 10.0% | 1,621.28 | 382.28 | 1,239.00 |
| General Contractor Profit | @ | 10.0% | 1,621.28 | 382.28 | 1,239.00 |
| O&P Items Subtotal | | | 19,455.26 | 4,587.35 | 14,867.91 |

| Non-O&P Items | | | RCV | Deprec. | ACV |
|---|---|---|---|---|---|
| GENERAL DEMOLITION | | | 11,499.98 | | 11,499.98 |
| Coverage: Dwelling | @ | 52.17% = | 5,999.99 | | |
| Coverage: Dwelling Extension | @ | 47.83% = | 5,499.99 | | |
| Non-O&P Items Subtotal | | | 11,499.98 | 0.00 | 11,499.98 |
| O&P Items Subtotal | | | 19,455.26 | 4,587.35 | 14,867.91 |
| Service Sales Tax | @ | 8.250% | 1,547.62 | 364.23 | 1,183.39 |
| Total | | | 32,502.86 | 4,951.58 | 27,551.28 |

10c13343018I3

DEC. 3 2013 10:27AM UNITED

Aug 08 13 11:55a    Kelli Ashbrook           9038821533     p.2

To:      From State Farm      Fax:State Farm      KOFaXF at:08-07-2013-15:23 Doc:232 Page:018

## State Farm Insurance Companies

DENNINGTON, JEFF                                      5/5/2009 7:43 PM

### Time & Material Breakdown

| O&P Items | Quantity | Unit Cost | Total Cost |
|---|---|---|---|
| **ELECTRICAL** | | | |
| Material - | | | |
| Hub connector for 2" rigid conduit | 1.00 EA | 9.450 | 9.45 |
| Rigid conduit, 2" | 10.53 LF | 7.144 | 75.20* |
| Nonmetallic sheathed cable, 1/0-3 RHW & 1 #4 bare grnd,alm | 15.23 LF | 1.890 | 28.78 |
| Weatherhead for 2" rigid conduit | 1.00 EA | 12.958 | 12.96 |
| | | Material: | 126.39 |
| Contractor Labor - | | | |
| Electrician | 3.97 HR | 71.080 | 282.27* |
| | | Labor: | 282.27 |
| | | ELECTRICAL Subtotal: | 408.66 |
| **FENCING** | | | |
| Material - | | | |
| Chain link fabric, 4' (11 ga, 50' roll) | 2.04 RL | 71.541 | 146.18* |
| Chain link tension wire - 170' roll | 2.35 RL | 11.210 | 26.37* |
| Galvanized top rail, 1 5/8" x 20' | 315.61 LF | 1.260 | 397.67 |
| Post cement mix - 80 lb bag | 45.02 BG | 3.540 | 159.37 |
| Tension bar - 3' to 5' - with bands, nuts & bolts | 2.50 EA | 5.110 | 12.79* |
| Chain link fabric, 6' (11 ga, 50' roll) | 5.71 RL | 98.095 | 560.23* |
| Metal fence post, 1 7/8" x 8' with cap, 8' | 24.49 EA | 12.891 | 315.64* |
| Metal fence post, 2 3/8" x 8' with cap, 8' | 7.00 EA | 19.420 | 135.86* |
| Tension bar - 6' to 8' - with bands, nuts & bolts | 7.00 EA | 5.742 | 40.17* |
| Fence top-rail brackets | 16.50 EA | 0.383 | 6.32 |
| 1/2" to 5/8" x 6" fence slat - cedar | 321.62 LF | 0.490 | 157.59 |
| Fence post - 4" x 4" cedar | 25.73 LF | 2.394 | 61.60 |
| 2" x 4" x 8' fence rail - fence-grade cedar or equal | 8.69 EA | 7.020 | 60.97* |
| 2" galvanized staple, approx 10,000 count | 0.04 BX | 73.400 | 3.06* |
| Metal fence post, 1 7/8" x 6' with cap, 6' | 1.75 EA | 8.924 | 15.61* |
| Metal fence post, 2 3/8" x 6' with cap, 6' | 0.50 EA | 12.816 | 6.40* |
| | | Material: | 2,105.84 |
| Contractor Labor - | | | |
| Demolition Laborer | 23.45 HR | 24.950 | 585.04* |
| Fencing Installer | 39.68 HR | 35.890 | 1,424.22* |
| | | Labor: | 2,009.26 |
| | | Miscellaneous: | 47.64 |
| | | FENCING Subtotal: | 4,162.74 |
| **FRAMING & ROUGH CARPENTRY** | | | |
| Material - | | | |
| Sheathing - plywood - 1/2" CDX | 10.62 SH | 12.888 | 136.89* |
| 8d smooth box nails, (based on 50 lb box) | 5.32 LB | 1.126 | 5.99 |
| Fir/Larch, 2x4 #2 & better | 221.15 LF | 0.302 | 66.79 |
| 16d nails for nail gun - 2000 count box | 0.08 BX | 38.349 | 3.21* |
| 1" x 2" All-purpose S-P-F furring strip | 42.08 LF | 0.192 | 8.08 |
| 8d finish nails (based on 5 lb box) | 0.21 LB | 1.516 | 0.32 |
| 1" x 12" #2 pine | 3.34 LF | 1.185 | 3.95* |
| | | Material: | 225.23 |

04-R325-J69                                            Page: 14

10c1334301864

Aug 08 13 11:55a    kelll Ashbrook          9038321533       p.3

To:       From:State Farm     Fax:State Farm     NOKAX9 at:NJS-07-2013-15;25   Doc:232   Page:046

## State Farm Insurance Companies

DENNINGTON, JEFF                                    5/5/2009 7:43 PM

| O&P Items | Quantity | Unit Cost | Total Cost |
|---|---|---|---|
| Contractor Labor ~ | | | |
| Carpenter ~ General Framer | 8.26 HR | 51.740 | 427.49* |
| Demolition Laborer | 6.30 HR | 24.950 | 157.14* |
| | | Labor: | 584.63 |
| | | Miscellaneous: | 0.33 |
| | FRAMING & ROUGH CARPENTRY Subtotal: | | 810.19 |
| **METAL STRUCTURES & COMPONENTS** | | | |
| Material ~ | | | |
| Metal sheathing fasteners for either wood or metal frames | 0.21 BG | 115.042 | 24.42* |
| Metal wall or roofing panels ~ corrugated galvanized 36"w | 955.33 SF | 0.845 | 807.26* |
| | | Material: | 831.68 |
| Contractor Labor ~ | | | |
| Demolition Laborer | 9.06 HR | 24.950 | 226.00* |
| Steel Worker | 24.40 HR | 51.120 | 1,247.52* |
| | | Labor: | 1,473.52 |
| | | Miscellaneous: | 9.04 |
| | METAL STRUCTURES & COMPONENTS Subtotal: | | 2,314.24 |
| **PAINTING** | | | |
| Material ~ | | | |
| Caulking ~ acrylic | 1.79 TB | 1.815 | 3.26* |
| Oil base paint | 0.43 GL | 22.653 | 9.73* |
| Painter's putty | 0.40 GL | 12.851 | 5.13* |
| 160 ~ 180 grit sandpaper ~ per sheet | 2.31 SH | 0.510 | 1.18 |
| Exterior sealer | 1.43 GL | 22.890 | 32.80* |
| Latex paint | 0.42 GL | 26.760 | 11.21* |
| Exterior latex | 0.63 GL | 29.253 | 18.32* |
| | | Material: | 81.65 |
| Contractor Labor ~ | | | |
| Painter | 8.46 HR | 48.530 | 410.36* |
| | | Labor: | 410.36 |
| | | PAINTING Subtotal: | 492.01 |
| **SOFFIT, FASCIA, & GUTTER** | | | |
| Material ~ | | | |
| Pla/Laroll, 2x4 #2 & better | 84.24 LF | 0.302 | 25.44 |
| 16d nails for nail gun ~ 2000 count box | 0.08 BX | 38.349 | 3.06* |
| AC plywood ~ 1/4" ~ G1S | 2.64 SH | 23.347 | 61.72* |
| 4d finish nails (based on 5 lb box) | 0.53 LB | 1.490 | 0.80* |
| Soffit vent ~ 4"x12" screened metal | 12.69 EA | 2.440 | 30.95 |
| 6d stainless steel siding nails | 0.13 LB | 6.090 | 0.81* |
| Fascia ~ wood, 1" x 6" | 42.21 LF | 1.232 | 52.01* |
| | | Material: | 174.80 |
| Contractor Labor ~ | | | |
| Demolition Laborer | 2.13 HR | 24.950 | 53.20* |
| Siding Installer | 6.53 HR | 50.200 | 327.56* |
| | | Labor: | 380.76 |
| | SOFFIT, FASCIA, & GUTTER Subtotal: | | 555.56 |

10c1334301865

## State Farm Insurance Companies

DENNINGTON, JEFF

5/5/2009 7:43 PM

| O&P Items | Quantity | Unit Cost | Total Cost |
|---|---|---|---|
| **STEEL COMPONENTS** | | | |
| Material – | | | |
| Steel post base or cap flange | 58.81 EA | 31.890 | 1,875.45 |
| Round tube – 2" x 2" x .154 wall thickness | 588.10 EA | 2.740 | 1,611.39 |
| | | Material: | 3,486.84 |
| Contractor Labor – | | | |
| Demolition Laborer | 47.84 HR | 24.950 | 1,193.64* |
| Steel Worker | 19.78 HR | 51.120 | 1,011.36* |
| | | Labor: | 2,205.00 |
| | STEEL COMPONENTS Subtotal: | | 5,691.84 |
| Material | | | 7,032.43 |
| Labor | | | 7,345.80 |
| Miscellaneous | | | 57.01 |
| Subtotal | | | 14,435.24 |
| Base Service Charges | | | 617.12 |
| Material Sales Tax | @ | 8.250% | 580.17 |
| Cleaning Matl Tax | @ | 8.250% | 580.17 |
| General Contractor Overhead | @ | 10.0% | 1,621.28 |
| General Contractor Profit | @ | 10.0% | 1,621.28 |
| O&P Items Subtotal | | | 19,455.26 |

| Non-O&P Items | Quantity | Unit Cost | Total Cost |
|---|---|---|---|
| **GENERAL DEMOLITION** | | | |
| Contractor Labor – | | | |
| Demolition Laborer | 145.16 HR | 24.950 | 3,621.78* |
| Labor for Policy Tree Debris Removal Limit | 1.00 EA | 500.000 | 500.00 |
| | | Labor: | 4,121.78 |
| Equipment – | | | |
| Chipper/shredder – 6" to 8" – trailer | 5.64 DA | 150.000 | 845.88* |
| | | Equipment: | 845.88 |
| | | Miscellaneous: | 6,532.32 |
| | GENERAL DEMOLITION Subtotal: | | 11,499.98 |
| Labor | | | 4,121.78 |
| Equipment | | | 845.88 |
| Miscellaneous | | | 6,532.32 |
| Non-O&P Items Subtotal | | | 11,499.98 |
| O&P Items Subtotal | | | 19,455.26 |
| Service Sales Tax | @ | 8.250% | 1,547.62 |
| **Total** | | | **32,502.86** |

10c1334301860

DEC. 9. 2013 10:21AM    STT UNIT                                    NO.660    P. 32

Aug 08 13 11:56a    kelli Ashbrook                        9036321533           p.5

To:              FourState Farm        FourState Farm      KOFAX# at:AUG-07-2013-15:15  Doc:160  Page:002

## Statement of Loss

Name of Insured  DENNINGTON                    Claim Number  04-R325-989

Coverage A - Building        Limit of Liability $ _____

| Description | Amount |
|---|---|
| _____ | $ _____ |
| _____ | $ _____ |
| _____ | $ _____ |
| _____ | $ _____ |
| _____ | $ _____ |
| _____ | $ _____ |
| _____ | $ _____ |
| _____ | $ _____ |
| _____ | $ _____ |
| **Total A** | $ **0.00** |

Coverage B - Contents        Limit of Liability $    109,395.00

| Description | Amount |
|---|---|
| CHAIRS,BIRD HOUSES, LADDER | $ 364.97 |
| TRACTOR REPAIR | $ 1,533.01 |
| SPOILED FOOD | $ 115.45 |
| _____ | $ _____ |
| _____ | $ _____ |
| _____ | $ _____ |
| _____ | $ _____ |
| **Total B** | $ **2,013.43** |

Coverage C - Loss of Use     Limit of Liability $ _____

| Description | Amount |
|---|---|
| LODGING 5/3-5/6 | $ 697.80 |
| FOOD RECEIPTS 5/3-5/8 | $ 237.70 |
| _____ | $ _____ |
| _____ | $ _____ |
| _____ | $ _____ |
| **Total C** | $ **935.60** |

Comments/Supplements:

| | |
|---|---|
| Total A+B+C | $ 2,949.03 |
| Plus Special Coverage | $ _____ |
| Total Loss | $ 2,949.03 |
| Less Depreciation - Cov A | $ _____ |
| Less Depreciation - Cov B | $ _____ |
| Subtotal | $ 2,949.03 |
| Less Deductible | $ 0.00 |
| Less Prior Payments | $ _____ |
| Total Payable | $ 2,949.03 |

RYAN SMETHERS x641-7571    May 27, 2009
Name                       Date

100(50)                    Page 1 of 1                    104559 (4-21-2009)

10c1334301867