UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | |
|---|---|
| JEF F DENNINGTON and JAMES STUART, and CAREDA L. HOOD, Individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>STATE FARM FIRE AND CASUALTY COMPANY and STATE FARM GENERAL INSURANCE COMPANY,<br><br>Defendants. | No. 14-cv-04001<br><br>Hon. Susan O. Hickey |

**THE STATE FARM DEFENDANTS' MEMORANDUM
IN SUPPORT OF THEIR REQUEST FOR
<u>AN EVIDENTIARY HEARING RELATED TO CLASS CERTIFICATION</u>**

Defendants State Farm Fire and Casualty Company and State Farm General Insurance Company (collectively, the "State Farm Defendants") respectfully request that the Court hold an evidentiary hearing related to Plaintiffs' pending Motion for Class Certification (Dkt. 82). An evidentiary hearing is both necessary and appropriate in this case, and would aid the Court in evaluating whether Plaintiffs have met their evidentiary burden in seeking class certification.

Federal Rule of Civil Procedure 23 is not a pleading standard but rather requires Plaintiffs to "*affirmatively demonstrate*" – that is, to actually *prove* – that they have satisfied the requirements for class certification. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 131 S. Ct. 2541, 2551 (2011) (emphasis supplied); *see also Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1432 (2013) (a plaintiff seeking class certification must submit *evidentiary proof* to satisfy Rule 23's requirements). When parties present expert opinions related to class certification, the Court must resolve expert disputes in deciding whether a class may be certified:

> Appellants argue on appeal that the district court improperly resolved disputes between the parties' experts that go to the merits of the case. We have stated that in ruling on class certification, a court may be required to resolve disputes concerning the factual setting of the case. This extends to the *resolution of expert disputes concerning the import of evidence concerning the factual setting*-such as economic evidence as to business operations or market transactions.

*Blades v. Monsanto Co.*, 400 F.3d 562, 575 (8th Cir. 2015) (emphasis supplied); *see also In re Zurn Pex Plumbing Prods. Liability Litig.*, 644 F.3d 604, 611 (8th Cir. 2011) (expert disputes should be resolved at the class certification stage when necessary to deciding whether the plaintiff has satisfied Rule 23).[1] The Eighth Circuit in *Blades* therefore concluded that the district court properly held an evidentiary hearing at which it "considered all expert testimony offered by both sides" and "afforded that testimony such weight as [it] deemed appropriate" before determining that the plaintiffs' claims could not be proven on a class-wide basis. *Blades*, 400 F.3d at 568-71.

The parties here have proffered four experts whose opinions bear on the class certification determination. Those experts have collectively issued seven written reports in the areas of accounting, economics, and construction/general contracting. Moreover, the State Farm Defendants' experts have generated hundreds of pages of evidentiary proof relating to the class certification determination, including a fulsome analysis of the 250 claim file sampling produced in this case, inspections of the Plaintiffs' properties, and other analyses of the Plaintiffs' and proposed class members' claims. Accordingly, to decide whether Plaintiffs have satisfied their

---

[1] As the Seventh Circuit has explained, evidentiary hearings are often necessary because, before certifying a class,

> A district judge may not duck hard questions by observing that each side has some support, or that considerations relevant to class certification also may affect the decision on the merits. Tough questions must be faced and squarely decided, *if necessary by holding evidentiary hearings and choosing between competing perspectives*.

*West v. Prudential Secs., Inc.*, 282 F.3d 935, 938 (7th Cir. 2002) (emphasis supplied).

evidentiary burden under Rule 23, the Court will be required to evaluate and resolve disputes between the parties' extensive expert submissions.

For that reason, courts often hold evidentiary hearings related to the class certification determination, particularly when expert opinions are offered by the parties. *See, e.g., Blades*, 400 F.3d at 570-71 (district court held evidentiary hearing and heard expert testimony related to class certification issues); *Nguyen v. St. Paul Travelers Ins. Co.*, Civil Action No. 06-4130, 2008 WL 4691685, at *1 (E.D. La. Oct. 22, 2008) (district court relied extensively on expert testimony presented at evidentiary hearing in denying class certification); *Schafer v. State Farm Fire & Cas. Co.*, Civil Action No. 06-8262, 2009 WL 2391238, at *2 (E.D. La. Aug. 3, 2009) (district court held evidentiary hearing and heard testimony from five witnesses, including three experts, before denying class certification); *see also Indigo LR LLC v. Advanced Ins. Brokerage of Am., Inc.*, 717 F.3d 630, 633 (8th Cir. 2013) (district court conducted evidentiary hearing on motion for class certification); *Newberg on Class Actions* § 7:4 (5th ed.) (while the decision to hold an evidentiary hearing is within the district court's discretion, "most courts do hold such hearings"); *Manual for Complex Litigation* (4th) § 21.21 ("A hearing under Federal Rule of Civil Procedure 23(c) is a routine part of the certification decision.").

Notably, the courts in *Nguyen* and *Schafer* both held evidentiary hearings in considering (and denying) class certification of claims, like Plaintiffs' claims here, alleging underpayment of property damage claims. *Nguyen*, 2008 WL 4691685, at *1; *Schafer*, 2009 WL 2391238, at *2. For example, in *Nguyen*, the parties presented evidence at the hearing as to, among other things, the defendant's bases for challenging whether any putative class member was harmed, the plaintiff's ability to prove on a class-wide basis that the defendant underpaid the putative class members' claims, and the plaintiff's ability to prove that that the putative class members' claims

were sufficiently similar to warrant class treatment. *Nguyen*, 2008 WL 4691685, at *5-7. And the *Schafer* court heard expert testimony about, among other topics, the complexities of construction estimating and a claim file sampling analysis showing that certain class members' property damage payments were reasonable as a whole. *Schafer*, 2009 WL 2391238, at *5-6.

The State Farm Defendants respectfully submit that a similar evidentiary hearing would be appropriate and helpful in this case, especially given the volume of expert material in various areas of specialized knowledge. *See, e.g., Schafer*, 2009 WL 2391238, at *2, *5 (court heard testimony at evidentiary hearing from three experts, including construction estimating expert); *Blades*, 400 F.3d at 570-71 (district court held evidentiary hearing and heard expert testimony related to class certification issues).

Indeed, an evidentiary hearing would further elucidate the issues that the State Farm Defendants raised in their Opposition to Plaintiffs' Motion for Class Certification (Dkt. 87), and allow the Court to more fully (1) assess Plaintiffs' class-wide proof plan and how it could be shown, without individualized inquiry[2], *who* is a member of Plaintiffs' proposed class, *whether* any putative class member actually suffered an injury as a result of the State Farm Defendants' alleged practice, and *how* each putative class member's damages could be calculated; (2) weigh and consider expert testimony in respect to the supposedly common questions that Plaintiffs contend their claims implicate; (3) hear testimony from Plaintiffs themselves regarding their standing to sue either of the State Farm Defendants, their claims of underpayment, and their understanding of their role as proposed class representatives; and (4) hear and consider expert

---

[2] Plaintiffs' expert, Saul Solomon, has admitted that he *cannot* identify class members or calculate their damages without individualized inquiry as to every single claim file (which number more than 32,000). *See, e.g.,* November 2, 2015 Declaration of Saul Solomon, Dkt. 87 at Ex. G, at ¶ 7; January 15, 2016 Rebuttal Declaration of Saul Solomon, Dkt. 87 at Ex. J, at ¶¶ 8, 11. An evidentiary hearing would allow the Court to fully evaluate whether Mr. Solomon's proposed plan is consistent with Federal Rule of Civil Procedure 23's requirements.

testimony in respect to the question of whether Plaintiffs' proposed class is consistent with Federal Rule of Civil Procedure 23's requirements and principles of due process.

For these reasons, the State Farm Defendants respectfully request that the Court hold an evidentiary hearing in respect to Plaintiffs' pending Motion for Class Certification.

Dated: February 19, 2016                    Respectfully submitted,

/s/ *Heidi Dalenberg*

John E. Moore
Beverly A. Rowlett
MUNSON, ROWLETT, MOORE & BOONE, P.A.
Regions Center
400 West Capitol Avenue, Suite 1900
Little Rock, AR 72201
(501) 374-6535

Heidi Dalenberg (*pro hac*)
Tal C. Chaiken (*pro hac*)
SCHIFF HARDIN LLP
233 S. Wacker Dr., Suite 6600
Chicago, IL 60606
(312) 258-5500

Joseph Anthony Cancila, Jr. (*pro hac*)
RILEY SAFER HOLMES & CANCILA LLP
3 First National Plaza, 29th Floor
Chicago, Illinois 60602

*Attorneys for Defendants, State Farm Fire and Casualty Company and State Farm General Insurance Company*

## CERTIFICATE OF SERVICE

I, Heidi Dalenberg, hereby certify that on February 19, 2016, a true and correct copy of the foregoing was filed with the Court using the Court's CM/ECF system, which will generate notice of filing to all counsel of record:

Matt Keil
John Goodson
**KEIL & GOODSON, P.A.**
mkeil@kglawfirm.com
jcgoodson@kglawfirm.com

Jason E. Roselius
Jack Austin Mattingly, Jr.
Tanner Hicks
**MATTINGLY & ROSELIUS, PLLC**
jason@mroklaw.com
jackjr@mroklaw.com
tanner@mroklaw.com

William B. Putman
**TAYLOR LAW PARTNERS**
wbputman@taylorlawpartners.com

Richard E. Norman
R. Martin Weber, Jr.
**CROWLEY NORMAN, LLP**
rnorman@crowleynorman.com
mweber@crowleynorman.com

James M. Pratt, Jr.
**James M. Pratt, Jr. P.A.**
jamiepratt@cablelynx.com

Tom Thompson
Casey Castleberry
**MURPHY, THOMPSON, ARNOLD, SKINNER & CASTLEBERRY**
aftomt2001@yahoo.com
caseycastleberry2003@yahoo.com

Stephen Engstrom
**STEPHEN ENGSTROM LAW OFFICE**
stephen@engstromlaw.com

George L. McWilliams
**LAW OFFICE OF GEORGE L. MCWILLIAMS. P.C.**
glmlawoffice@gmail.com

Richard A. Russo, Jr.
Matthew L. Mustokoff
**KESSLER TOPAZ MELTZER CHECK LLP**
rrusso@ktmc.com
mmustokoff@ktmc.com


/s/ *Heidi Dalenberg*
Heidi Dalenberg