UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| **JEFF DENNINGTON, JAMES STUART** | ) | |
| **and CAREDA L. HOOD, individually** | ) | |
| **and on behalf of all others similarly** | ) | |
| **situated,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **No. 4:14-cv-04001-SOH** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **STATE FARM FIRE AND CASUALTY** | ) | |
| **COMPANY and STATE FARM** | ) | |
| **GENERAL INSURANCE COMPANY,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**THE STATE FARM DEFENDANTS' MEMORANDUM OF LAW
IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL**

Defendants State Farm Fire and Casualty Company ("State Farm Fire") and State Farm General Insurance Company (collectively, the "State Farm Defendants"), respectfully submit this memorandum of law in opposition to Plaintiffs' Motion to Compel (the "Motion") (Dkts. 89-90).

## I.    INTRODUCTION

By their Motion to Compel, Plaintiffs demand production of confidential and proprietary information relating to State Farm Fire's payment of insurance claims in states other than Arkansas.   Plaintiffs have no need for that discovery.   Plaintiffs' suit is limited in scope to State Farm Fire's claim handling activity for damaged structures located in Arkansas, and the State Farm Defendants already have produced extensive information regarding State Farm Fire's handling of the putative class members' insurance claims in this case.   The information Plaintiffs demand has no relevance to their claims in this action.   The Motion should be denied.

## II.     FACTUAL BACKGROUND

### A.     The Nature of Plaintiffs' Action.

As the Court will recall, this action involves Plaintiffs' claim that State Farm Fire improperly calculated "actual cash value" when handling structural damage claims for insured structures located in the State of Arkansas.  Plaintiffs' action is based on the Arkansas Supreme Court's decision in *Adams v. Cameron Mutual Insurance Co.*, 430 S.W.3d 675 (Ark. 2013), where the Court held that when determining the actual cash value of a covered loss under an indemnity insurance policy that does not define "actual cash value," an insurer may not apply depreciation to estimated labor costs.  *Id*. at 679.  Plaintiffs seek to represent a class of insureds who received actual cash value payments from State Farm Fire for damage to structures "*located in the State of Arkansas*."  Dkt. 82 at 1 (emphasis supplied).  Their asserted class claim is that State Farm Fire breached its policies when it applied depreciation to labor costs when calculating its actual cash value payments during the class period.  *Id.*

### B.     Plaintiffs' Discovery Requests and the State Farm Defendants' Responses.

On December 12, 2014, Plaintiffs propounded their First Set of Requests for Production to the State Farm Defendants (the "Requests," attached hereto as Exhibit 1).  Plaintiffs instructed the State Farm Defendants that "[u]nless otherwise limited or expanded, the geographical scope of [the Requests] encompasses the State of Arkansas" (the "Geographic Scope Instruction").  Requests, Ex. 1, at 6 ¶ 22.  Most of the Requests, including Requests 15 and 42 – which Plaintiffs invoke in their Motion (Pl. Mem. at 8) – contained no language expanding the Requests to include states other than Arkansas.  Requests, Ex. 1, at 13, 18.  Request 41 – the other Request that Plaintiffs invoke – did not expressly expand the geographical scope beyond Arkansas, but it sought all documents concerning any and all labor depreciation litigation involving the State Farm Defendants that "was filed in any court of the United States of America."  *Id*. at 18.

2

On March 16, 2015, the State Farm Defendants timely served their Responses and Objections (the "Objections," attached hereto as Exhibit 2). The State Farm Defendants expressly objected to Plaintiffs' Geographic Scope Instruction as overbroad on the basis that "none of Plaintiffs' requests may properly demand production of information unrelated to the State Farm Defendants' conduct in Arkansas, as Plaintiffs' pleading does not contain any allegations implicating the State Farm Defendants' conduct in other states." Objections, Ex. 2, at 4 ¶ 9. They also challenged the Geographic Scope Instruction as vague and ambiguous, because "Plaintiffs do not clearly identify which Requests are intended to have a scope beyond Arkansas." *Id*. The State Farm Defendants informed Plaintiffs that they would "only produce documents relating to [their] conduct in Arkansas." *Id*. The State Farm Defendants incorporated their objection to the Geographic Scope Instruction into their responses to Requests 15, 41, and 42. *Id.* at 10-11, 15, 28-29. For almost 11 months, Plaintiffs did not challenge the State Farm Defendants' Objections or their representation that they would produce only Arkansas-related materials.

As this action progressed, the parties proceeded with discovery directed to the issue of class certification. Plaintiffs retained an expert, Saul Solomon, who reviewed information from a substantial claim file production (consisting of 250 claim files) and extensive computer data that the State Farm Defendants had produced. The computer data provided information regarding damage estimates that State Farm Fire had prepared, the amount of depreciation attributable to estimated labor costs as reflected in those estimates, and claim payment data for the claims. Based on that information, Plaintiffs' expert concluded that the only way to identify individuals who belong within Plaintiffs' asserted class and the only way to determine what damages might be owed to any such putative class members would be to review and analyze information separately maintained in each individual's claim file.

Plaintiffs proceeded to file their brief on the issue of class certification on December 2, 2015, in accordance with the Court's Scheduling Order.   State Farm thereafter timely filed its response memorandum opposing class certification.  Then, on February 2, 2016 – just four weeks before the discovery cut-off date of February 29, 2016[1] – Plaintiffs demanded that the State Farm Defendants produce documents "related to State Farm's issuance of supplemental payments to insureds in Missouri [and] Kentucky."  Feb. 2, 2016 Mustokoff Ltr., Dkt. 90-3, at 1.  Plaintiffs contended that the materials "are plainly responsive" to the Requests and demanded their production,[2] but did not acknowledge that the State Farm Defendants' objection to production of information unrelated to Arkansas claims handling was long-standing and had never been challenged by them.  *Id.* at 1-2.

On the same day Plaintiffs' counsel sent their demand letter to the State Farm Defendants, they also issued a Rule 30(b)(6) deposition notice demanding production of a witness to testify about the Kentucky and Missouri supplemental claim payments (the "Notice").  Feb. 2, 2016 Notice of Deposition, Dkt. 90-4.

### C.    State Farm Fire's Supplemental Payments to Kentucky and Missouri Claimants.

Plaintiffs have mischaracterized the nature of State Farm Fire's payments to insurance claimants in Kentucky and Missouri.  The issue of labor depreciation is being litigated in federal courts in both of those states, where the plaintiffs have argued respectively that Kentucky state law and Missouri state law bar application of depreciation to estimated labor costs when an insurer

---

[1] The parties have filed a Joint Motion to Amend the Case Schedule (Dkt. 88) to extend the fact discovery deadline but the Court has not ruled on the motion and the deadline has not changed.

[2] Plaintiffs' counsel initially argued that the Kentucky and Missouri materials were responsive to Request 29, which sought guides for communications with the State Farm Defendants' insureds regarding depreciation.  Dkt. 90-3 at 1; Requests, Ex. 1, at 15-16.  Plaintiffs abandoned that contention in their Motion to Compel.  Dkt. 90 at 8.

calculates actual cash value.  After its motions to dismiss the breach of contract claims in those other actions were denied,[3] State Farm Fire chose to modify its method for calculating actual cash value in those states on a forward-going basis, pending any ultimate determination of liability at the conclusion of those cases.  However, there was a brief period in each state following issuance of the pertinent ruling and the execution of State Farm Fire's forward-looking change in practice.  Thus, a subset of claims existed which post-dated *Bailey* and *LaBrier* but pre-dated State Farm Fire's change in practice.  Accordingly, for claims where actual cash value payments were made with depreciation deductions attributable to labor costs during those brief interim periods, State Farm Fire took action.  State Farm Fire first identified the claims involved, then determined whether the insured had recovered replacement cost benefits in the interim, and if that had not occurred, State Farm Fire re-calculated the policyholder's actual cash value payment without applying depreciation to the estimated labor costs and issued a supplemental payment to the insured to address the prior depreciation deduction.

State Farm Fire's supplemental payments to policyholders in Kentucky and Missouri did not involve any of the putative class members in *this* case.  And they did not constitute a calculation of "damages" for the Kentucky and Missouri policyholders who received supplemental payments. State Farm Fire merely issued revised actual cash value payments to a small subset of individuals

---

[3] *See generally Bailey v. State Farm Fire & Cas. Co.*, Civil Action No. 14-53-HRW, 2015 WL 1401640 (E.D. Ky. Mar. 25, 2015); *LaBrier v. State Farm Fire & Cas. Co.*, No. 2:15-cv-04093-NKL, --- F. Supp. 3d ----, 2015 WL 7738362 (W.D. Mo. Nov. 30, 2015).  Contrary to Plaintiffs' argument, these decisions did not "deem[] it to be a breach of a homeowner's insurance contract" when an insurer applies depreciation to estimated labor costs (Pl. Mem. at 2) – rather, they held that the plaintiff's allegations that depreciation had been applied to labor costs were sufficient to withstand dismissal under Federal Rule of Civil Procedure 12(b)(6).  *Bailey*, 2015 WL 1401640, at 9; *LaBrier*, 2015 WL 7738362, at *6-9.  Nor did the Arkansas Supreme Court's decisions hold that a breach of contract occurs every time an insurer applies depreciation to labor costs.  *Adams*, 430 S.W.3d at *6-7; *Shelter Mut. Ins. Co. v. Goodner*, --- S.W.3d ----, 2015 Ark. 460, at *6 (2015).

so that all policyholders were treated comparably in Missouri and Kentucky following the above-referenced rulings in those states.

## III.   ARGUMENT

### A.   Information Related to the Kentucky and Missouri Payments Is Not Discoverable.

#### i.   State Farm Fire's Conduct in Kentucky and Missouri Is Not Relevant to Plaintiffs' Arkansas-Only Claims.

State Farm Fire's claims practices in other states have no bearing on Plaintiffs' claims here. Plaintiffs' relevance argument is premised on their incorrect assertion that Rule 26 permits parties to "obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party."  Pl. Mem. at 4.  That is not the standard.  As of December 2015, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."   Fed. R. Civ. P. 26(b)(1).   Further, the phrase "reasonably calculated to lead to the discovery of admissible evidence," often invoked by parties seeking expansive discovery, was "deleted" from Rule 26 because "[t]he phrase has been used by some, incorrectly, to define the scope of discovery."  Fed. R. Civ. P. 26 Advisory Committee Note to 2015 Amendments.  Instead, federal courts must "confine discovery to the claims and defenses asserted in the pleadings." Fed. R. Civ. P. 26 Advisory Committee Note to 2000 Amendment.  The "claims and defenses asserted in [Plaintiffs'] pleadings" have nothing to do with State Farm Fire's recent implementation of a change in practice in Missouri and Kentucky.

When a lawsuit concerns the defendant's conduct in only one state, courts routinely hold that the party's conduct in other states is irrelevant.  *See, e.g., Progressive Cas. Ins. Co. v. FDIC*, 298 F.R.D. 417, 428 (N.D. Iowa 2014) (denying motion to compel production of defendant's filings from outside Iowa and rejecting relevance argument as "speculation"); *Ingersoll v. Farmland Foods, Inc.*, No. 10-6046-CV-SJ-FJG, 2011 WL 1131129, at *3 (W.D. Mo. Mar. 28,

2011) (issuing protective order for discovery regarding the defendant's facilities "in five states other than Missouri" as irrelevant); *Mauna Kea Beach Hotel Corp. v. Affiliated FM Ins. Co.*, CV. No. 07-00605 DAE-KSC, 2009 WL 1227850, at *5 (D. Haw. May 1, 2009) (in action alleging violations of Hawaii law, vacating magistrate's denial of motion to compel discovery related to events outside Hawaii because "evidence of an insurer's handling of claims in other states is irrelevant").

That result should obtain here. Plaintiffs' claims relate to Arkansas only. Plaintiffs assert violations of Arkansas law, they allege breaches of Arkansas policies, and they demand damages only on behalf of insureds who own structures that are located in Arkansas and which sustained insured damage. *See* Dkt. 69 at ¶¶ 31-39, 41. Because Plaintiffs limit their claims to Arkansas alone, information about State Farm Fire's claim payments in Kentucky and Missouri is irrelevant.[4]

Plaintiffs' contention that State Farm Fire's Kentucky and Missouri policies are "substantively indistinguishable" from Arkansas policies (Pl. Mem. at 7) does not alter that the information they demand is irrelevant here. Plaintiffs are well aware that following the ruling in *Adams*, State Farm Fire changed its claims payment practices in Arkansas so that depreciation no longer is applied to the labor component of estimated replacement cost when actual cash value is calculated. The fact that State Farm Fire has made a similar adjustment to its practices in Kentucky and Missouri does nothing to resolve any disputed issues of fact or law in this Arkansas-centered

---

[4] Plaintiffs' reliance on *Brown Bear v. Cuna Mutual Group*, 266 F.R.D. 310 (D.S.D. 2009), is misplaced. In *Brown Bear*, the insurer's practices in other states was relevant only to the issues of whether the insurer had a reasonable basis to deny coverage and whether the plaintiff was entitled to punitive damages. *Id.* at 323. The factual circumstance in *Brown Bear* has no similarity to the procedural posture of this case, and the purpose for which Plaintiffs seek these materials.

action.  *See Mauna Kea Beach Hotel Corp.*, 2009 WL 1227850, at *5 (evidence of insurer conduct "in a different state" with "possibly different standards, is not relevant").

Finally, Plaintiffs misleadingly suggest that their Motion should be granted because the *LaBrier* court ordered production of similar information in that action.  Pl. Mem. at 3, 9.  The *LaBrier* court, however, ordered production of information regarding State Farm Fire's supplemental payments to policyholders only in *Missouri*, the state where *LaBrier* is pending. *LaBrier*, 2:15-cv-04093-NKL (W.D. Mo.), at Dkt. 88 (minute entry ordering State Farm Fire to produce materials for *Missouri* only)  The ruling in *LaBrier* thus lends no support to Plaintiffs' contention that out-of-state payments State Farm has made to individuals who are not and cannot be members of the asserted class in this case are probative of any issue here.

> ii.     **State Farm Fire's Practices in Kentucky and Missouri Have No Bearing on Plaintiffs' Motion for Class Certification.**

State Farm Fire's issuance of supplemental payments in Kentucky and Missouri likewise is not evidence pertinent to the parties' respective arguments on the issue of class certification.

Plaintiffs' motion for class certification attempts to paint a simplistic picture – that State Farm Fire is liable to every policyholder whose actual cash value payment reflected a deduction for depreciation of labor costs, and that the full amount of any such depreciation remains due and payable to putative class members unless it has been fully recovered already in the form of replacement cost benefits paid to the insured.  They concede, however, that identifying members of the class and determining the amount they claim State Farm Fire owes will require individualized review of each putative class member's insurance claim and records.  State Farm Fire agrees that individualized inquiry will be needed to identify class members, and for any damages calculation, but *further* has shown that individualized inquiry will be required to identify

who has sustained injury and whether a breach of any putative class member's policy actually occurred due to State Farm Fire's actual cash value payment to that specific insured.

Contrary to Plaintiffs' contentions, State Farm Fire's issuance of supplemental payments to a small group of Kentucky and Missouri insureds following interlocutory rulings in those two states has nothing to do determining the State Farm Defendants' liability to putative class members in this action.   The payments were made to particular insureds depending on the facts and circumstances of each insured's claim, with reference to the claim file information, the payments made to date, and the estimates issued for the insured.   Plaintiffs' expert on class certification already had full ability to review State Farm Fire's claim payment practices, the records it keeps, the data it maintains, and the manner in which it prepares estimates.   He had the opportunity to review State Farm Fire's claims handling training materials, 250 claim files for Arkansas insureds, data that State Farm Fire ran from its electronic claims handling system for its Arkansas insureds, estimate data for those insureds, State Farm Fire's policy forms, and State Farm Fire's form correspondence to insureds, among other things.   Plaintiffs can demonstrate no need for the purported discovery emergency they now raise in respect to how State Farm Fire maintains its claims information, estimates, and data.

In sum, while Plaintiffs assert that "State Farm has instituted a program to compensate certain insureds in [Kentucky and Missouri] for its deductions for labor depreciations" (Pl. Mem. at 2), State Farm Fire has done nothing more than make a forward-going adjustment to the manner in which it calculates actual cash value in Missouri and Kentucky.   State Farm precisely took the same step in Arkansas, but did not issue supplemental payments to Arkansas insureds because its practice changed at or about the time that the ruling in *Adams* became final.   State Farm Fire's supplemental payments in Kentucky and Missouri are not "damages" payments, as no liability

determination has been made in the cases pending there.  The payments are supplemental claim payments, and they are of no moment or significance here.[5]

**B.      Plaintiffs' Motion to Compel is Untimely**.

Plaintiffs' motion should be denied for the additional reason that it is untimely.  Plaintiffs waited almost a year before challenging the State Farm Defendants' objection to producing materials relating to State Farm Fire's claims handling practices outside of Arkansas.  When a party makes "a timely objection to requested production, the initiative rests with the party seeking production to move for an order compelling it." *Wakehouse v. Goodyear Tire & Rubber Co.*, No. 8:05CV422, 2007 WL 1340788, at *6 (D. Neb. Apr. 5, 2007) (internal citation omitted).  Federal courts "often deny Rule 37(a) motions because the moving party delayed too long" to file their motion to compel.  Wright & Miller, 8B Fed. Prac. & Proc. Civ. § 2285 (3d ed.); *see also Haviland v. Catholic Health Initiatives-Iowa, Corp.*, 692 F. Supp. 2d 1040, 1043-44 (S.D. Iowa 2010) (magistrate judge properly denied motion to compel filed before discovery deadline but more than "fifteen months" after receiving responses); *Davidson v. Citizens Gas & Coke Utility*, 238 F.R.D. 234, 235 (S.D. Ind. 2006) (magistrate properly denied motion to compel filed "fourteen months after the allegedly insufficient responses were provided").

While Plaintiffs claim that they learned of State Farm Fire's issuance of supplemental payments in Kentucky and Missouri just "in the past few weeks" (Pl. Mem. at 2), they have known that the State Farm Defendants objected to producing materials from outside Arkansas for approximately 11 months.  Further, according to the Court's scheduling order, Plaintiffs have waived their challenge to State Farm Fire's Objections because they did not "br[ing] it to the

---

[5] For the same reasons, State Farm Fire's implementation of a change in practice for all policy types has no bearing on the State Farm Defendants' argument regarding *Adams*' applicability to policies providing for replacement cost coverage.

Court's attention in time for the opponent to make a proper response and for the Court to make an informed ruling before the close of discovery," which was February 29, 2016 under the current Scheduling Order.  Dkt. 57 at 1(b); Dkt. 75 (setting the close of discovery on February 29, 2016); *see also* n.1.  Plaintiffs have not, until now, challenged State Farm Fire's properly lodged objection, nor have they previously requested the type of material that they now claim "fall[s] squarely" within their discovery requests.  Their attempt to do so now should be denied as untimely and waived. *See Austin v. United Parcel Serv., Inc.*, No. 4-01-CV-90404, 2002 WL 31050867, at *4 (S.D. Iowa Sept. 13, 2002) (motion to compel properly denied where delay "in addressing discovery deficiencies" resulted in "substantial burden to [d]efendant of compelling further disclosure" and noting "the impact of additional discovery on the timely resolution of this matter").

### C.    Plaintiffs Are Not Entitled to Expenses or Fees.

Finally, to the extent any fees should be awarded as a result of Plaintiffs' Motion, they should be awarded to the State Farm Defendants.  Fed. R. Civ. P. 37(a)(5)(B) (if a motion to compel is denied, the court "must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party…who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees").  Plaintiffs' Motion is not substantially justified because it is untimely, fails to comply with the Court's scheduling order, and demands production of information wholly irrelevant to the claims asserted in this case.  And for those same reasons, no costs should be awarded to Plaintiffs for the filing of their Motion.  Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).

## IV.    CONCLUSION

For these reasons, the State Farm Defendants respectfully request that the Court deny Plaintiffs' Motion to Compel and Order Plaintiffs to pay the State Farm Defendants' attorneys' fees and expenses incurred opposing the Motion.

Dated: March 4, 2016                           Respectfully submitted,


                                               */s/ Heidi Dalenberg*

                                               John E. Moore
                                               Arkansas Bar No. 82111
                                               Beverly A. Rowlett
                                               Arkansas Bar No. 77118
                                               MUNSON, ROWLETT, MOORE, & BOONE, P.A.
                                               1900 Regions Center
                                               400 West Capitol Avenue, Suite 1900
                                               Little Rock, AR  72201
                                               (501) 374-6535

                                               Joseph A. Cancila, Jr. (*pro hac*)
                                               Heidi Dalenberg (*pro hac*)
                                               Nick Kahlon (*pro hac*)
                                               Tal C. Chaiken (*pro hac*)
                                               RILEY SAFER HOLMES & CANCILA LLP
                                               Three First National Plaza
                                               70 W. Madison Street
                                               Suite 2900
                                               Chicago, IL 60602
                                               (312) 471-8740

                                               *Attorneys for Defendants State Farm Fire and*
                                               *Casualty Company and State Farm General*
                                               *Insurance Company*

<u>**CERTIFICATE OF SERVICE**</u>

I, Heidi Dalenberg, certify that on March 4, 2016, I filed a copy of the foregoing THE STATE FARM DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL electronically using the Court's CM/ECF system.  Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

*/s/ Heidi Dalenberg*
Heidi Dalenberg
