IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JEFF DENNINGTON and JAMES
STUART, individually and on behalf
of all others similarly situated                                                         PLAINTIFFS

v.                                             Case No. 4:14-cv-4001

STATE FARM FIRE AND CASUALTY
COMPANY and STATE FARM GENERAL
INSURANCE COMPANY                                                                       DEFENDANTS

**ORDER**

Before the Court is Defendants State Farm Fire and Casualty Company and State Farm General Insurance Company's (collectively "State Farm") Motion to Dismiss the Second Amended Complaint with Prejudice. (ECF No. 71). State Farm moves to dismiss Plaintiffs' claims pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). Plaintiffs Jeff Dennington ("Dennington"), James Stuart ("Stuart"), and Careda L. Hood ("Hood") have responded. (ECF No. 76). State Farm has filed a Reply. (ECF No. 77). The Court finds this matter ripe for consideration.

I.  BACKGROUND

Plaintiffs' First Amended Class Action Complaint (ECF No. 39), brought individually and on behalf of a class of individuals, alleged breach of contract and unjust enrichment claims against State Farm. The Plaintiffs allege that on or about May 2, 2009, Dennington's property, insured under a homeowners policy issued by State Farm, sustained damage for which Dennington made a claim to State Farm. State Farm made a payment on the claim. On or about April 25, 2011 and again on June 12, 2013, properties owned by Stuart, also insured under State Farm policies, sustained damage for which Stuart made claims. State Farm compensated Stuart. The Court granted Plaintiffs leave to amend their First Amended Complaint. (ECF No. 68). Plaintiffs filed their Second Amended

Complaint on June 1, 2015 adding a third Plaintiff, Careda L. Hood. (ECF No. 69). Plaintiffs allege that Hood suffered a loss to her property covered by a State Farm policy. Hood made a claim and State Farm made a payment to her.

All three Plaintiffs had a replacement cost policy. In the policies, State Farm agreed to pay the reasonable and necessary cost to repair or replace damaged property, in two steps. First, prior to the insured making any repair or replacement, State Farm agreed to pay "the actual cash value at the time of the loss of the damaged part of the property," with "actual cash value" ("ACV") defined as "the amount it would cost to repair or replace damaged property, less depreciation." (ECF No. 42, Ex. 2-3). For all three Plaintiffs, at this first step, State Farm's adjuster estimated the cost, which included the cost of labor and materials. State Farm then paid the Plaintiffs the ACV of their loss, after subtracting the deductible and depreciation from the adjuster's estimate. The depreciated amount included depreciation for both labor and materials. Upon completion of the repairs, if the insured decided to repair or replace the damage, State Farm would make the second payment. Under the second step, State Farm agreed to pay "the covered additional amount" that the insured "actually and necessarily spen[t] to repair or replace the damaged part of the property." (ECF No. 42, Ex. 2-3).

In their Second Amended Complaint, Plaintiffs allege that Arkansas law prohibits an insurance company from depreciating the cost of labor. Therefore, by depreciating this cost in the ACV payments, Plaintiffs claim that State Farm (1) breached their contract with Plaintiffs and (2) was unjustly enriched.

State Farm asserts that Dennington's contract and unjust enrichment claims are barred by a settlement in a previous case and res judicata. State Farm argues that Stuart lacks standing to sue because he has not suffered an injury that could be redressed by a decision of this court. They also assert that Plaintiffs have failed to allege facts sufficient to support viable claims for breach of

contract and unjust enrichment, and that State Farm General should be dismissed from this action because no Plaintiff claims to have purchased insurance from it.

## II.  STANDARD

"In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim that would entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  When ruling on a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim, the Court must take as true the alleged facts and determine whether they are sufficient to raise more than a speculative right to relief.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).  In deciding a Rule 12(b)(6) motion, courts are required to accept all of the Complaint's well-pled allegations as true and resolve all inferences in the Plaintiffs' favor.  *Miller v. Redwood Toxicology Lab., Inc.*, 688 F.3d 928, 933 n.4 (8th Cir. 2012).  The issue in considering such a motion is not whether the Plaintiffs will ultimately prevail, but whether the Plaintiffs are entitled to present evidence in support of the claim.  *See Nusku v. Williams*, 490 U.S. 319, 327 (1989).

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court is "not precluded in [its] review of the complaint from taking notice of items in the public record" or considering documents that do not contradict the complaint.  *Papasan v. Allain*, 478 U.S. 265, 269 n.1 (1986); *Stahl v. U.S. Dep't of Agric.*, 327 F.3d 697, 700 (8th Cir. 2003); *Nixon v. Coeur D'Alene Tribe*, 164 F.3d 1102, 1107 (8th Cir. 1999).  All documents submitted to the court are either matters of public record or do not contradict the Plaintiffs' Second Amended Complaint, so the Court will review the current motion under Federal Rule of Civil Procedure 12(b)(6) standards.  *Compare BJC Health Sys. v. Columbia Cas. Co.*, 348 F.3d 685, 687-88 (8th Cir. 2003) (district court erred in

relying on matters outside the pleading that were not public documents). Moreover, State Farm's argument that the Plaintiffs lack standing is a question of jurisdiction. Because jurisdiction is a threshold question, the court may look outside the pleadings in order to determine whether subject matter jurisdiction exists. *Osborn v. United States*, 918 F.2d 724, 728-30 (8th Cir. 1990).

### III. DISCUSSION

#### A. Plaintiff Dennington

##### i. *Chivers* Settlement

First, State Farm argues that Dennington's claims have been released by a settlement agreement in an earlier case, *Chivers v. State Farm Fire and Casualty Co., State Farm Lloyds and State Farm General Insurance Co.*, Case No. CV-2010-251-3 (Ark. Cir. Ct.), and the claims should therefore be dismissed because Dennington lacks standing. The *Chivers* class action was filed in Miller County, Arkansas before Judge Kirk Johnson. The Plaintiffs in the *Chivers* suit alleged that State Farm Fire, State Farm General, and State Farm Lloyds improperly underpaid homeowners structural loss claims by failing to properly pay for General Contractor's Overhead and Profit ("GCOP") from September 6, 1996 to April 30, 2010. The parties negotiated a settlement to end the litigation, and in exchange for consideration, the *Chivers* defendants obtained a release from all members of the *Chivers* class for "Released Claims," defined as follows:

> [A]ll known and Unknown Claims, rights, demands, actions, causes of action, . . . arising from or in any way related to any acts which have been alleged or which could have been alleged in the Action by the Plaintiff, on behalf of herself or on behalf of the Settlement Class, to the full extent of res judicata protections, and whether arising under or based on contract, extra-contractual or tort, common law or equity, or federal, state or local law, statute, ordinance, rule or regulation, and/or arising from or in any way related to any omission, inclusion, determination, and/or calculation of General Contractor's Overhead and Profit in the adjustment and/or payment of any Covered Loss by State Farm and/or any alleged conspiracy in connection therewith, provided, however, that the Released Claims do not include any claim for enforcement of this Stipulation and/or the Final Judgment.

(ECF No. 71, Ex. 5, pg. 14-15).

Plaintiffs assert that this Court is without jurisdiction to interpret and enforce the prior settlement because Judge Johnson retained all jurisdiction to interpret the terms of the settlement. The Court disagrees. In the Final Order, Judge Johnson expressly "retain[ed] continuing jurisdiction" over the action for the purposes of "[e]nforcing the Stipulation and the Proposed Settlement;" "[h]earing and determining any application by any party to the Stipulation for a settlement bar order;" and "[a]ny other matters related or ancillary to the foregoing." (ECF No. 71, Ex. 5). While the cases cited by the Plaintiffs, *Thompson v. Edward D. Jones & Co.*, 992 F.2d 187, 189 (8th Cir. 1993); *In re Y & A Group Securities Litigation*, 38 F.3d 380, 383 (8th Cir. 1994); and *Picon v. Morris*, 933 F.2d 660, 662-63 (8th Cir. 1991), stand for the proposition that, when a court issues an injunction, it automatically retains jurisdiction to enforce it, the litigation before the Court is not an action to enforce the settlement and final judgment of the *Chivers* court. Instead, State Farm is using the release as a defense, which was expressly permitted by the language of the Stipulation of Settlement, incorporated as part of the Final Judgment: "To the extent permitted by law, this Stipulation may be pleaded as a full and complete defense to, and may be used as the basis for an injunction against, any action, suit or other proceeding which may be instituted, prosecuted or attempted in breach of this Stipulation." (ECF No. 71, Ex. 5). A court does not usually "get to dictate to other courts the preclusion consequences of its own judgment." 18 C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 4405, p. 82 (2d ed. 2002)). The state court retains jurisdiction to enforce the *Chivers* settlement, but this Court is not deprived of jurisdiction to apply its terms and preclusion consequences.

Dennington does not deny that he was a member of the *Chivers* class, but instead argues that the settlement language is not broad enough to cover the causes of actions alleged herein. When a

5

settlement agreement containing a release is unambiguous in its terms, it is the duty of the court to interpret the release. *Pine Bluff, S. & S. Ry. Co. v. Leatherwood*, 175 S.W. 1184 (Ark. 1915). Under Arkansas law, settlement agreements are treated as contracts. *See Williams v. Davis*, 659 S.W.2d 514, 515 (Ark. App. 1983). "[T]he first rule of interpretation of a contract is to give to the language employed the meaning which the parties intended." *First Nat'l Bank of Crossett v. Griffin*, 832 S.W.2d 816, 819 (Ark. 1992).

The language from the *Chivers* settlement releases all known and unknown claims "arising from or in any way related to *any acts . . . which could have been alleged* in the Action by the Plaintiff." Giving the words their plain meaning, this language is "broad and all encompassing," and applies to the current action. *See Grant Cnty. Sav. & Loan Ass'n, Sheridan, Ark. v. Resolution Trust Corp.*, 968 F.2d 722, 725 (8th Cir. 1992). The Court finds that Dennington has released his 2009 claims against State Farm because the claims could have been brought in the *Chivers* action. *See Thompson*, 992 F.2d at 192 (holding that class settlement barred plaintiff's individual claims: "As a class member who chose not to opt out after notice of the terms of the settlement, [litigant] is bound by the Order and Final Judgment in the Arkansas [class action] and must abide by its express terms").

Plaintiffs also argue that the present claims are not related to GCOP and are thus not covered by the release. However, the language of the release does not require such a relationship. Instead, its broad language covers claims: (1)"which could have been alleged," (2) *"and/or* [those claims] arising from or in any way related to . . . General Contractor's Overhead and Profit." By utilizing the conjunction "or," the release indicates that there are alternative possibilities. Because language of the release does not limit released claims to those arising from GCOP but is instead more broad, the Court disagrees with Plaintiffs that only claims based on GCOP are released. Moreover, reading the release language as narrowly as the Plaintiffs advocate would render the language "to the full

6

extent of res judicata protections" meaningless, as under the typical res judicata analysis, claims that could have been raised at the time, whether or not they were related to the specific allegation in that suit, are precluded on a subsequent review. *See Mayle v. Felix*, 545 U.S. 644, 673 (2005).

Plaintiffs also argue that there are remaining factual issues regarding whether the depreciation of labor claims "could have been alleged" in the *Chivers* settlement, such that they would fall within the language of the release. They argue that there is no evidence in the record regarding any depreciated labor costs to Chivers. The *Chivers* Complaint alleged that the State Farm defendants underpaid structural loss claims in Arkansas by improperly paying GCOP between September 6, 1996 and April 30, 2010. Dennington alleges that State Farm underpaid structural loss claims because they depreciated labor costs on or about May 2, 2009. The Plaintiffs have alleged that State Farm, "[a]t all times relevant hereto" has unlawfully depreciated labor costs. Therefore, at the time of the prior settlement, State Farm was allegedly unlawfully depreciating labor costs, and claims challenging labor depreciation could have been alleged by a member of the class at that time. *See Thompson*, 992 F.2d at 190 (rejecting appellant's argument that settlement did not cover claims because her claims were individual in nature, noting that there is "no exception for those individual claims a class member could have brought at the time if the class member had chosen to opt out of the class prior to settlement").

The *Chivers* settlement agreement embodies a sweeping and encompassing release. These agreement demand the full respect and recognition of this Court and the parties bound thereunder. State Farm is entitled to the sense of peace and finality they sought by entering into the settlement agreement. Accordingly, the prior settlement agreement renders Dennington's 2009 contract and unjust enrichment claims, which could have been alleged at the prior time, non-actionable.

ii. Res Judicata

State Farm next argues that, even without the *Chivers* release, res judicata independently bars Dennington's claims. The law of the forum that rendered the first judgment—in this case, Arkansas—governs the application of res judicata. *Laase v. Cnty. of Isanti*, 638 F.3d 853, 856 (8th Cir. 2011). Under Arkansas law, res judicata applies when there is (1) a final judgment on the merits, (2) entered by a court of competent jurisdiction, (3) between the same parties or privies, (4) regarding a claim that was actually raised or could have been raised in the prior action. *Parker v. Perry*, 131 S.W.3d 338, 343-44 (Ark. 2003). There is no dispute that the settlement was a final judgment on the merits, the Miller County Court was a court of competent jurisdiction, and the same parties were involved. Based on the discussion, *supra*, the Court also holds that Dennington's claims in this case could have been raised in the prior action. *See Mayle*, 545 U.S. at 673; *Equitable Life. Assur. Soc. of U.S. v. Pool*, 143 S.W.2d 25, 27 (Ark. 1940) (res judicata "precludes again litigating issues that were or might have been litigated between the same parties growing out of the same contract").

Plaintiffs argue that their claims are not barred by res judiciata for three reasons: (1) the parties in *Chivers*, by negotiating the release, agreed that class members would maintain their right to assert all claims not covered by the release, and all claims not specifically covered by the language of the release therefore may be brought; (2) because class members were not notified that they would be relinquishing their right to sue State Farm for issues unrelated to GCO&P in their release, due process further dictates that claims unrelated to GCO&P, like Plaintiffs', are not barred by res judicata; and (3) the claim was not litigated and could not have been litigated in the prior action.

First, Plaintiffs argue that these claims were not covered by the release. Because the Court finds that an action for unjust enrichment and breach of contract were both covered by the language

of the release, *see supra* III.A.i, their claims are barred by the language of the release.

Second, Plaintiffs assert that absent class members had inadequate notice. In class actions, more than the usual requirements of res judicata, as applied in the traditional lawsuit between or among individuals, must be met. *See In re Gen. Am. Life Ins.*, 357 F.3d at 803. Among other things, a class member cannot be bound without due process. *Thompson*, 992 F.2d at 190. The most important element of due process is adequate notice. *Carwell Elevator Co. v. Leathers*, 101 S.W.3d 211, 218 (Ark. 2003) (res judicata cannot attach where there is a "lack of notice"). Plaintiffs argue that they have been denied due process because there was no notice that this type of claim would be released. "Class members are not expected to rely upon the notices as a complete source of settlement information," because "[a]ny ambiguities regarding the substantive aspects of the settlement could be cleared up by obtaining a copy of the agreement." *Grunin v. Int'l House of Pancakes*, 513 F.2d 114, 122 (8th Cir. 1975) (internal citations omitted). In *Chivers*, the notice sent to class members provided members with a link to a complete copy of the settlement. It also had a description of the opt-out procedure and a toll free number for questions. This was sufficient to provide class members with adequate notice of the settlement. *See In re Uponor, Inc., F1807 Plumbing Fittings Prods. Liab. Litig.*, 716 F.3d 1057, 1065 (8th Cir. 2013) ("The notice provided a link to the settlement website, a description of the opt out procedure, and a toll free number to pose questions to the claims administrator. The notice was neither confusing nor misleading as to the release of liability under the settlement agreement."). After examining the relevant documents, the Court holds that the Plaintiffs received notice as required under the standards of due process, including notice that any claims–whether or not they arose from GCOP– were released, could have opted out, and chose not to do so.

Finally, Plaintiffs argue that a factual issue exists regarding whether the *Chivers* plaintiffs

could have asserted a labor depreciation claim against State Farm in the prior *Chivers* action.  Res judicata serves only to preclude claims that were litigated or could have been litigated in the prior action.  *Baptist Health v. Murphy*, 373 S.W.3d 358, 278 (Ark. 2010).  Specifically, Plaintiffs argue (1) the record does not have evidence that State Farm depreciated labor costs prior to issuing an ACV payment to Chivers, (2) even if they were, a factual issue exists regarding whether Chivers ever received the second payment under the contract.

The Court cannot resolve a factual issue on a motion to dismiss.  *Florida State Bd. of Admin. v. Green Tree Financial Corp.*, 270 F.3d 645, 663 (8th Cir. 2001).  However, the Court finds no disputed issues.  Persons who were members of the *Chivers* class and did not opt out, including Dennington, are bound by the terms of that release.  Therefore, they are precluded from bringing the breach of contract and unjust enrichment claims alleged in the Second Amended Complaint that arose during the time period covered by the *Chivers* settlement.  Accordingly, Plaintiffs' claims for damages resulting from alleged losses incurred before April 30, 2010 should also be dismissed on the alternative ground that they are barred by res judicata.

### B.  Initial Payment Depreciation

Plaintiffs' Second Amended Complaint addresses the failure of State Farm to depreciate labor in the initial ACV payment.  State Farm asserts that, because Plaintiffs do not allege facts in their Second Amended Complaint demonstrating that they were underpaid for their losses, (1) Stuart lacks standing to sue because he has suffered no injury that could be redressed by a decision of this Court, and (2) Plaintiffs have not stated a claim for breach of contract.

Plaintiffs allege that, if the insured elects not to repair or replace the damaged property, the insured is never afforded the opportunity to recover labor costs unlawfully deducted when determining the actual cash value.  Plaintiffs do not allege whether Stuart or Dennington repaired or

replaced their property.  They allege that Hood did not repair or replace her damaged property.

i.  Stuart's Standing

State Farm asserts that Stuart lacks standing to sue because he has been fully indemnified for his claimed losses when he received the full replacement cost benefits for both his April 2011 and July 2013 claims.[1] State Farm relies upon the affidavit of James W. Wisenbaker, a Claim Team Manager for State Farm, to support their argument that Stuart received full replacement cost benefits for his claims. (ECF No. 71-9).  Plaintiffs argue that Wisenbaker's assertion should be examined and tested through discovery.  The Court finds that Defendant's argument is not a standing argument under Federal Rule of Civil Procedure 12(b)(1), but instead an argument that Stuart has failed to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See Mills v. Foremost Ins. Co.*, 511 F.3d 1300, 1307 (11th Cir. 2008) ("Whether the Withheld Payments were covered by the Policy is an issue of whether the [plaintiffs'] complaint fails to state a claim for relief under the Policy-not a standing issue.").  Accordingly, the affidavit of Wisenbaker, not attached to the Second Amended Complaint, and containing information not contained within Plaintiffs' allegations nor necessarily embraced by the Second Amended Complaint will not be considered in resolving the Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6). *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

ii.  Breach of Contract

State Farm argues that Plaintiffs have not stated a claim for breach of contract because they have not alleged facts demonstrating underpayment of claims under the replacement cost policies. Plaintiffs respond that they have stated a claim for breach of contract because, under Arkansas law,

---

[1] Stuart's claims arose after the *Chivers* settlement and judgment.

depreciating labor is against public policy.

Plaintiffs' policies provide that, "until actual repair or replacement is completed," State Farm is required to "pay only the actual cash value at the time of the loss of the damaged part of the property, up to the applicable limit of liability shown in the Declarations, not to exceed the cost to repair or replace the damaged part of the property." (ECF No. 71-1, 2, 3 & 4). Accordingly, if the insured does not elect to repair or replace the property, then their recovery under the policy is limited to the ACV.

Plaintiffs claim that State Farm breached the contracts by wrongfully depreciating labor in the ACV payment. Plaintiffs have alleged that Dennington was underpaid in the ACV payment. Plaintiffs have alleged that Stuart was underpaid in the ACV payment on two separate properties. Plaintiffs have alleged that Hood was underpaid in the ACV payment, that she did not repair or replace her damaged property, and that she was never paid the depreciation amount withheld from the ACV payment. These facts, accepted as true, could support a claim for breach of contract that is plausible on its face. Accordingly, at this stage of the litigation, Plaintiffs pleadings are sufficient to state a claim.

## C. Unjust Enrichment

State Farm next asserts that Plaintiffs cannot state claims for unjust enrichment because Plaintiffs have not alleged that they conferred a benefit on State Farm, and Plaintiffs' unjust enrichment claims must fail because they are barred by their policies.[2]

State Farm first asserts that Plaintiffs have not alleged that they conferred a benefit on State Farm that State Farm should be required to repay. Plaintiffs assert that, by wrongfully deducting

---

[2]State Farm also asserts that Dennington's Unjust Enrichment claims are untimely. The Court agrees. *See supra* II.A.i

labor depreciation from Plaintiffs' ACV payments, State Farm unjustly appropriated and retained money that was rightly due and owing to Plaintiffs.

Under Arkansas law, unjust enrichment is "the principle that one person should not be permitted unjustly to enrich himself at the expense of another, but should be required to make restitution of or for property or benefits received, retained, or appropriated, where it is just and equitable that such restitution be made, and where such action involves no violation or frustration of law or opposition to public policy, either directly or indirectly." *Servewell Plumbing, LLC v. Summit Contractors, Inc.*, 210 S.W.3d 101, 112 (Ark. 2005).

In Plaintiffs' Second Amended Complaint, they allege that "Defendants retained, and had the beneficial use of, money that Plaintiffs . . . were entitled to and should have received in payment of their claims." (ECF No. 69). They allege that money was unlawfully deducted and withheld from their payments. They have also alleged situations in which the Court may find it to be just and equitable that restitution be made. These assertions are sufficient to allege that State Farm has retained money to which they may not have been entitled.

Next, State Farm asserts that Plaintiffs' claims are barred by the policies because of the existence of a written contract. The doctrine of unjust enrichment does not apply when there is a valid, legal, and binding contract. *Hall Contracting Corp. v. Entergy Servs., Inc.*, 309 F.3d 468, 475 (8th Cir. 2002); *Lowell Perkins Agency, Inc. v. Jacobs*, 469 S.W.2d 89, 92-93 (Ark. 1971). However, at this stage of the litigation, the Plaintiffs may state their case on alternative theories and cannot be required to make an election at this time. Should, for whatever reason, one of their theories not proceed, the Plaintiffs should be able to proceed on an alternative theory. Therefore, the Court finds that Plaintiffs' unjust enrichment claim does not fail at this stage of the litigation because it is pled as an alternative theory. Therefore, State Farm's Motion to Dismiss the unjust enrichment

claims based on the existence of a valid contract should be denied.

### D. Plaintiff's Claims against State Farm General

Finally, State Farm argues that the claims against State Farm General should be dismissed for lack of a case or controversy. Specifically, State Farm asserts that State Farm Fire and State Farm General are two different companies, and State Farm General has no connections whatsoever to the claims by Dennington and Stuart. Plaintiffs respond that numerous questions of fact exist regarding the relationship between State Farm Fire and State Farm General. State Farm has not met its burden to dismiss State Farm General based on the pleadings. Accordingly, Defendants' request to dismiss State Farm General as a Defendant should be denied.

### IV. CONCLUSION

Accordingly, Defendants' Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART**. The Motion is granted with respect to all Plaintiffs' claims, including all of Dennington's claims, arising as part of the *Chivers* settlement. The Motion is denied in all other respects. Stuart's and Hood's claims may proceed.

**IT IS SO ORDERED**, this 14th day of March, 2016.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge