IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JAMES STUART and CAREDA
HOOD, individually and on behalf
of all others similarly situated                                                    PLAINTIFFS

v.                                    Case No. 4:14-cv-4001

STATE FARM FIRE AND CASUALTY
COMPANY                                                                              DEFENDANT

## **ORDER**

Before the Court is Plaintiffs' Unopposed Motion for Modification of the Court's February 6, 2019 Order of Modification as to Order on Motion to Certify Class (ECF No. 162). The Court finds that no response is necessary and that the matter is ripe for consideration.

On August 24, 2016, the Court granted Plaintiffs' motion for class certification. (ECF No. 142). Defendant subsequently appealed that ruling pursuant to the Eighth Circuit pursuant to Federal Rule of Civil Procedure 23(f). On December 6, 2018, the Eighth Circuit issued its opinion, affirming the Court's certification ruling, but modifying the ruling to "exclude those subject to [a class settlement in *Chivers v. State Farm Fire & Casualty Co.*, No. CV-2010-251-3 (Ark. Cir. Ct.)] from the class definition." (ECF No. 159-1, p. 9). On February 6, 2019, the Court modified its certification ruling to "expressly exclude from the class definition all plaintiffs who were members of a class settlement in *Chivers v. State Farm Fire & Casualty Co.*, No. CV-2010-251-3 (Ark. Cir. Ct.)." (ECF No. 161).

On February 8, 2019, Plaintiffs filed the instant motion, asking that the Court modify its February 6, 2019 order to remove the newly added exclusion language excluding persons and to, instead, shorten the Class Period to exclude claims. Plaintiffs explain that the *Chivers* class period covered September 6, 1996, through April 30, 2010, and that, under the modification language set out in the Court's February 6, 2019 order, a hypothetical person who was a member of the *Chivers*

settlement class but who possesses another insurance claim against Defendant, arising after the *Chivers* class period, would be barred from being a member of the settlement class in this case. To remedy this, Plaintiffs propose that the Court modify the Class Period to encompass May 1, 2010, through December 6, 2013, which would exclude the claims of the *Chivers* class members but not bar those individuals from pursuing other claims falling outside of the *Chivers* class period. Plaintiffs state that this modification conforms with the Eighth Circuit's directive and that Defendant does not oppose the request.

"Federal Rule of Civil Procedure 23(c)(1)(C) permits the court to modify the class definition before the entry of a final judgment." *Vogt v. State Farm Life Ins. Co.*, No. 2:16-CV-04170-NKL, 2018 WL 4937069, at *2 (W.D. Mo. Oct. 11, 2018); *see also Davoll v. Webb*, 194 F.3d 1116, 1146 (10th Cir. 1999) (noting that courts have "broad discretion" to "modify the definition" of a class). Upon consideration, the Court finds that good cause for the motion has been shown and that the current class definition should be modified as presently requested. Accordingly, Plaintiffs' motion (ECF No. 162) is hereby **GRANTED**. The Court modifies its February 6, 2019 order to reflect that the class definition in this case is hereby amended to read as follows:

> All persons and entities that received "actual cash value" payments, directly or indirectly, from State Farm for loss or damage to a dwelling or other structure located in the State of Arkansas, such payments arising from events that occurred between May 1, 2010 and December 6, 2013, where the cost of labor was depreciated. Excluded from the Class are: (1) all persons and entities that received payment from State Farm in the full amount of insurance shown on the declarations page; (2) State Farm and its affiliates, officers and directors; (3) members of the judiciary and their staff to whom this action is assigned; and (4) Plaintiffs' counsel.

**IT IS SO ORDERED**, this 11th day of February, 2019.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge