## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
## TEXARKANA DIVISION

| | |
|---|---|
| JEFF DENNINGTON, JAMES STUART, and CAREDA L. HOOD, individually and on behalf of all others similarly situated, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 14-cv-04001 ) |
| STATE FARM FIRE AND CASUALTY COMPANY and STATE FARM GENERAL INSURANCE COMPANY | ) ) ) ) |
| Defendants. | ) |

### PLAINTIFFS' OPPOSED MOTION FOR ORDER
### APPROVING CLASS NOTICE PLAN AND CLASS NOTICE

Plaintiffs file this Opposed Motion for Order Approving Class Notice Plan and Class Notice, and in support state the following:

This Court granted Plaintiffs' contested motion for class certification on August 24, 2016 (ECF 142). Defendant appealed, and the Court's order was affirmed. Eighth Circuit Opinion, December 6, 2018. Defendant moved for rehearing, which was denied. Eighth Circuit Order, January 29, 2019. Mandate has issued. Eighth Circuit Mandate, February 5, 2019.

This Court's original class definition was modified slightly by the Eight Circuit. The Court has entered an order approving the class definition in light of that modification. (ECF 163).

It is necessary to send a class notice to all class members. FED. R. CIV. P. 23(c)(2)(B). The requirements of the notice are set forth in the rule:

> (2) *Notice.*
> …
> (B) *For (b)(3) Classes.* For any class certified under Rule 23(b)(3), the court must direct to class members the best notice that is practicable under the

circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must clearly and concisely state in plain, easily understood language:
    (i)    the nature of the action;
    (ii)   the definition of the class certified;
    (iii)  the class claims, issues, or defenses;
    (iv)  that a class member may enter an appearance through an attorney if the member so desires;
    (v)   that the court will exclude from the class any member who requests exclusion;
    (vi)  the time and manner for requesting exclusion; and
    (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Plaintiffs and Defendant held numerous conference calls, and exchanged numerous emails and drafts, of the notice documents. However, Plaintiffs and Defendant could not reach an agreement on all issues related to the notice plan.

Accordingly, Plaintiffs submit in connection with this motion their proposed Notice Plan (**Exhibit 1**), which Plaintiffs submit is "the best notice that is practicable under the circumstances." Plaintiffs request that the Notice Plan be approved, and that the Third-Party Notice Administrator and the parties be ordered to comply with the terms of the Notice Plan.

Plaintiffs submit in connection with their Notice Plan (Exhibit 1) their proposed documents as follows:

1.    **Ex. A** to Ex. 1 - Postcard Notice

2.    **Ex. B** to Ex. 1 - Long Form Notice

3.    **Ex. C** to Ex. 1 - Website Banner

4.    **Ex. D** to Ex. 1 - Notice Format for Class Notice, and

5.    **Ex. E.** to Ex. 1 - Publication Notice

that address each of the requirements of Rule 23. Plaintiffs request that these forms be approved for use in connection with the Notice Plan.

Plaintiffs submit JND Legal Administration to the Court for approval to serve as the Third-Party Notice Administrator. A firm biography is attached as **Exhibit 2** hereto. Plaintiffs have had the proposed notice plan reviewed by JND, and have obtained reasonable price quotes from JND that are within the expected range for a notice program of this size.

### PRAYER

For these reasons, the Plaintiffs request that the Court enter an order approving the Class Notice Plan, and direct the parties and the Third Party Administrator to effectuate the Notice Plan.

Dated: April 1, 2019

Respectfully submitted,

MATTHEW L. MUSTOKOFF (Pro Hac)
RICHARD A. RUSSO, JR. (Pro Hac)
**KESSLER TOPAZ MELTZER & CHECK, LLP**
280 King of Prussia Road
Radnor, Pennsylvania 19087
Telephone: 610.667.7706
Facsimile: 610.667.7056

/s/ *Matt Keil*
JOHN C. GOODSON
Arkansas Bar No. 90018
MATT KEIL
Arkansas Bar No. 86099
**KEIL & GOODSON P.A.**
406 Walnut Street
Texarkana, AR 71854
Telephone: 870.772.4113
Facsimile: 870.773.2967

Tom Thompson
Arkansas Bar number 77133
Casey Castleberry
Arkansas Bar Number 2003109
**Murphy, Thompson, Arnold, Skinner &Castleberry**
555 East Main Street, Suite 200
P.O. Box 2595
Batesville, AR 72503-2595
Telephone: 870.793.3821
Facsimile: 870. 793.3815

Richard E. Norman
R.Martin Weber, Jr.
**Crowley Norman LLP**
Three Riverway, Ste. 1775
Houston, TX 77056
Telephone: 713.651.1771
Facsimile: 713.651.1775

Steven E. Vowell
Arkansas Bar No. 75134
**Taylor Law Partners, LLP**
303 E. Millsap Road
P.O. Box 8310
Fayetteville, AR 72703
Telephone: 479.443.5222

James M. Pratt, Jr.
Arkansas Bar No. 74124
**James M. Pratt, Jr., P.A.**
144 Washington NW
Post Office Box 938
Camden, AR 71701
Telephone: 870.836.7328
Facsimile: 870.837.2405

**ATTORNEYS FOR PLAINTIFFS**

4

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system. As such, this pleading was served on all counsel who are deemed to have consented to electronic service. All other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by regular mail on April 1, 2019.

/s/ *Matt Keil*
Matt Keil

## CERTIFICATE OF CONFERENCE

The undersigned certifies that counsel for the parties attempted to resolve their differences, and attempted to negotiate an agreed notice plan to the Court. The parties were able to narrow the issues. However, after multiple telephone conferences, emails, and exchanges of drafts, the parties were unable to reach an agreement on all terms of the notice plan. Accordingly, Plaintiffs submit this motion to the Court for ruling.

/s/ *Matt Keil*
Matt Keil