IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| JAMES STUART and CAREDA L. HOOD, individually and on behalf of all others similarly situated | | PLAINTIFFS |
| v. | Case No. 4:14-cv-4001 | |
| STATE FARM FIRE AND CASUALTY COMPANY | | DEFENDANT |

# ORDER

Before the Court is Plaintiffs James Stuart and Careda L. Hood's Agreed Motion for Preliminary Approval of Class Action Settlement. (ECF No. 245). Plaintiffs, on behalf of themselves and as Representative Plaintiffs on behalf of a proposed Settlement Class, and Defendant State Farm Fire and Casualty Company, all acting by and through their respective counsel, have agreed, subject to Court approval, to settle this litigation upon the terms and conditions stated in the Stipulation of Settlement filed with the Court (the "Stipulation"). (ECF No. 245-1). On December 16, 2019, the Court held a hearing on the motion. The Court finds the matter ripe for consideration.

Pursuant to Federal Rule of Civil Procedure 23(e), the Court must approve this class action settlement before it becomes effective. Review of a proposed class action settlement typically proceeds in two stages. "At the first stage, the parties submit the proposed settlement to the Court, which must make 'a preliminary fairness evaluation.'" *Martin v. Cargill, Inc.*, 295 F.R.D. 380, 383 (D. Minn. 2013) (quoting Fed. Judicial Ctr., *Manual for Complex Litigation, Fourth* ("MCL"), § 21.632). "If the proposed settlement is preliminarily acceptable, the Court then directs that notice

be provided to absent class members, in order to afford them an opportunity to be heard on, object to, and opt out of the settlement." *Id.* (citing Fed. R. Civ. P. 23(c)(3), (e)(1), (e)(5)).

When making a preliminary fairness evaluation, the "fair, reasonable, and adequate" standard imposed by Rule 23(e)(2) is lowered, and the Court's focus is on whether the settlement is "within the range of possible approval due to an absence of any glaring substantive or procedural deficiencies." *Schoenbaum v. E.I. Dupont De Nemours and Co.*, No. 4:05-cv-1108-ERW, 2009 WL 4782082, at *3 (E.D. Mo. 2009). Although proposed settlements are presumptively reasonable at the preliminary-approval stage, the Court must nonetheless "consider issues such as whether the settlement carries the hallmarks of collusive negotiation or uninformed decision-making, is unduly favorable to class representatives or certain class members, or excessively compensates attorneys." *Id.* "Because there is typically no client with the motivation, knowledge, and resources to protect its own interests, the judge must adopt the role of a skeptical client and critically examine the class certification elements, the proposed settlement terms, and procedures for implementation." MCL at § 21.61.

Rule 23(e), as amended, does not change this fundamental inquiry, as the crux of the Court's preliminary approval evaluation is whether "giving notice [to the class] is justified by the parties' showing that the court will likely be able to: (i) approve the proposal under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal." Fed. R. Civ. P. 23(e)(1)(B). The Court's inquiry remains focused on "the primary procedural considerations and substantive qualities that should always matter to the decision whether to approve the proposal." Fed. R. Civ. P. 23(e)(2) advisory committee's note to 2018 amendment.

**IT IS HEREBY ORDERED THAT**:

1. The Stipulation is incorporated by reference in this Order and all terms defined in the Stipulation will have the same meanings in this Order.

2. The Stipulation and Proposed Settlement are preliminarily approved as fair, adequate, and reasonable, and Plaintiffs' motion for preliminary approval of the Proposed Settlement is hereby **GRANTED** in all material respects, subject to further consideration at the Final Approval Hearing.

3. Contingent upon final approval of the Proposed Settlement, and pursuant to Federal Rule of Civil Procedure 23, Plaintiffs' motion for to conditionally certify the litigation Class previously certified herein for settlement purposes is hereby **GRANTED**. The following Settlement Class is conditionally certified for settlement purposes only:

> All persons and entities that received "actual cash value" payments, directly or indirectly, from State Farm for loss or damage to a dwelling or other structure located in the State of Arkansas, such payments arising from events that occurred between May 1, 2010 and December 6, 2013, where the cost of labor was depreciated.
>
> Excluded from the Class are:
> (1) all persons and entities that received payment from State Farm in the full amount of insurance shown on the declarations page;
>
> (2) State Farm and its affiliates, officers, and directors;
>
> (3) members of the judiciary and their staff to whom this action is assigned; and
>
> (4) Class Counsel.

4. James Stuart and Careda L. Hood are preliminarily appointed as representatives of the settlement Class (the "Representative Plaintiffs"), and the Court preliminarily finds that the following attorneys for Plaintiffs satisfy the adequacy requirement of Federal Rule of Civil Procedure 23, and appoints such counsel as counsel for the Settlement Class ("Class Counsel"):

D. Matt Keil
John C. Goodson
KEIL & GOODSON P.A.
406 Walnut St.
Texarkana, AR 71854

A.F. "Tom" Thompson, III
Kenneth P. "Casey" Castleberry
MURPHY, THOMPSON, ARNOLD, SKINNER &
CASTLEBERRY
P.O. Box 2595
1141 E. Main St., Suite 300
Batesville, AR 72503

R. Martin Weber, Jr.
Richard E. Norman
CROWLEY NORMAN LLP
Three Riverway, Suite 1775
Houston, TX 77056

Steven E. Vowell
TAYLOR LAW PARTNERS
303 E. Millsap Rd.
P.O. Box 8310
Fayetteville, AR 72703

Matthew L. Mustokoff
Richard A. Russo, Jr.
KESSLER TOPAZ MELTZER CHECK LLP
280 King of Prussia Road
Radnor, PA 19087

James M. Pratt, Jr.
JAMES M. PRATT, JR., P.A.
114 Washington NW
P.O. Box 938
Camden, AR 71701

5. If final approval of the Proposed Settlement is not granted, this Order, including the above description of the settlement Class, and other actions of this Court incident to the settlement, shall be automatically vacated.

6. Pending a final determination of whether the Proposed Settlement should be approved as fair, reasonable, and adequate, neither the Representative Plaintiffs nor any potential Class Member who has not opted out, whether directly, indirectly, representatively or in any other capacity, shall start, join, continue, litigate or participate in, support, or accept any benefit or relief from any other lawsuit, arbitration, or administrative or regulatory proceeding against State Farm that is based on, relates to, or involves any of the claims, facts, circumstances, or subject matters of this Lawsuit or the Stipulation. Accordingly, the Court hereby preliminarily enjoins the Representative Plaintiffs and any Class Member who has not opted out from instituting, maintaining, prosecuting, suing, asserting or cooperating in any action or proceeding, whether new or existing, against any of the Released Persons for any of the Released Claims.

7. JND Legal Administration Co. (the "Administrator") is appointed to serve as third-party administrator for the Proposed Settlement and to perform such duties as may be ordered by this Court pursuant to the terms of the Stipulation.

8. All notices concerning the Proposed Settlement required by the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1715, et seq., have been sent.

9. The Parties have prepared the Class Notice, Claim Form, Publication Notice, and Postcard Notice, which have been submitted to the Court as **Exhibits 2, 3, 4, and 6**, to the Stipulation, respectively. (ECF No. 245-1). As set forth herein, the Court has reviewed and approves these forms. Counsel for the Parties, along with the Administrator, are authorized to complete any missing information and to make any non-substantive revisions to these documents, as necessary to fulfill the purposes of the Settlement.

10. Within thirty (30) days after entry of this Order, the Administrator shall send a copy of the Class Notice and a Claim Form by first-class mail to the last known address for each

potential Class Member, according to State Farm's business records (previously provided to the Administrator) and the National Change of Address database, as used by the Administrator previously in this case to mail litigation class notice to potential Class Members.

11. The Administrator shall use its best efforts to complete the mailing of the Class Notice and Claim Form to potential Class Members not less than ninety (90) days prior to the Final Approval Hearing.

12. If any Class Notice and/or Claim Form mailed to any potential Class Member is returned to the Administrator as undeliverable, the Administrator will promptly log each returned Class Notice and/or Claim Form that is returned as undeliverable and provide copies of the log to State Farm's counsel and Class Counsel as requested. The Class Notice and Claim Form will also be available to Class Members upon request to the Administrator, who shall send these documents via first-class mail as requested by any potential Class Member.

13. The Court finds that the procedures set forth in the preceding paragraphs constitute reasonable and best practicable notice under the circumstances and an appropriate and sufficient effort to locate current addresses of Class Members such that no additional efforts to do so shall be required. Upon request, State Farm and the Administrator shall provide Class Counsel such reasonable access to the notice process as they may need to monitor compliance with the notice campaign.

14. In addition to the Class Notice and Claim Form mailed in accordance with the preceding paragraphs, the Administrator shall establish an automated toll-free telephone number and a settlement website that will contain information on the Stipulation, relevant pleadings, the instructions for submitting opt-out requests, a posted copy of the Stipulation, including exhibits to the Stipulation; further the Administrator shall also cause the Publication Notice to be published

twice in the Arkansas Democrat-Gazette – the first publication will be within thirty (30) days of the entry of this Order, and the second publication will be no later than forty-five (45) days prior to the Final Approval Hearing.

15. No later than fifteen (15) days before the Final Approval Hearing, the Administrator shall mail to each potential Class Member who has not submitted a Claim Form and who has not timely and properly excluded themselves a reminder Postcard Notice (in the form attached as Exhibit 6) with summary information regarding the deadline for Claim Forms, the Settlement website address, and sufficient information to enable the potential Class Member to request a second copy of the Claim Form previously sent to the potential Class Member.

16. At or before the Final Approval Hearing, the parties shall file a proof of mailing the Class Notice, the Claim Form, and the Postcard Notice, and of the performance of the Publication Notice identified above, from the Administrator.

17. The Court preliminarily finds that the dissemination of the Class Notice, Claim Form, and Postcard Notice under the terms and in the format provided for in this Order, together with the establishment of an automated toll-free telephone number and settlement website, and the Publication Notice as set forth above, constitutes the best notice practicable under the circumstances, is reasonably calculated to apprise all potential Class Members who can be identified through reasonable effort of: the pendency of the Lawsuit, this Stipulation, their rights in connection therewith, and the Final Approval Hearing; and meets the requirements of the Federal Rules of Civil Procedure, the requirements of due process under the United States Constitution, and the requirements of any other applicable rules or law.

18. The costs of providing notice and effectuating all other settlement administration shall be borne by State Farm, as provided in the Stipulation.

19. The Court will hold a Final Approval Hearing to consider the fairness, reasonableness, and adequacy of the Proposed Settlement at 10:00 a.m., June 1, 2020, at the United States Courthouse, Hot Springs, Arkansas. This date shall be set forth in the Class Notice. During the Final Approval Hearing, the Court will consider and determine, *inter alia*:

(a) Whether the Stipulation for this Lawsuit should be approved as fair, reasonable, and adequate,

(b) Whether this action should be certified as a class action for settlement purposes only and whether the requirements for certification of a settlement class have been met;

(c) Whether this Lawsuit should be dismissed with prejudice pursuant to the terms of the Stipulation;

(d) Whether members of the Class should be bound by the Release set forth in the Stipulation;

(e) Whether members of the Class (who have not opted out), whether acting individually or together, should be permanently enjoined from instituting, maintaining, prosecuting, suing, asserting or cooperating in any action or proceeding, whether new or existing, against any of the Released Persons for any of the Released Claims;

(f) Whether and in what amount Class Counsel's application for an award of attorneys' fees and expenses, and the Representative Plaintiffs' request for service awards should be approved; and

(g) Objections, if any, made to the Proposed Settlement or any of its terms.

20. Upon a showing of good cause, the Final Approval Hearing may be postponed, adjourned, or rescheduled by order of the Court without further notice to the members of the Settlement Class. Any rescheduled date for the Final Approval Hearing will be posted on the Settlement Website. All briefs and materials in support of an Order for final approval and judgment and for service awards shall be filed with this Court no later than seven (7) days prior to the Final Approval Hearing.

21. Class Members who wish to exclude themselves from the Settlement Class must mail a written opt-out request, pursuant to the instructions posted on the Settlement Website and in the Class Notice, to the Administrator no later than thirty (30) days prior to the Final Approval Hearing.

22. All Class Members who do not request exclusion in the manner set forth in the Stipulation shall be bound by all proceedings, orders, and judgments in the Lawsuit, which will have preclusive effect in all pending or future lawsuits or other proceedings.

23. Class members who do not request exclusion from the Class may object to the Proposed Settlement by filing with the Court and mailing to the Administrator, a written notice of intent to object as provided in the Stipulation no later than thirty (30) days before the Final Approval Hearing. The right to object to the Proposed Settlement must be exercised individually by a Class Member, not as a member or representative of a group or subclass, except in the case of a legally authorized representative on behalf of a deceased, minor, or incapacitated Class Member. To be considered the written notice of intent to object to the Proposed Settlement should contain:

    (a)    A heading which includes the name of the case and case number;

    (b)    The name, address, telephone number and signature of the Class Member filing the objection;

    (c)    The specific reasons why the Class Member objects to the Proposed Settlement;

    (d)    The name, address, bar number, and telephone number of the objecting Class Member's counsel, if represented by an attorney; and

    (e)    Indication of whether the objecting Class Member ("Objector") intends to appear at the Final Approval Hearing, either in person or through counsel.

24. In addition, a notice of intent to object should contain the following additional information if the Objector or his/her attorney requests permission to speak at the Final Approval Hearing:

    (a)    A detailed statement of the specific legal and factual basis for each and every objection;

    (b)    A list of any and all witnesses whom the Objector may call at the Final Approval Hearing, with the address of each witness and a summary of his or her proposed testimony;

    (c)    A detailed description of any and all evidence the Objector may offer at the Final Approval Hearing, including photocopies of any and all exhibits which the Objector may introduce at the Final Approval Hearing; and

    (d)    Documentary proof of membership in the Settlement Class.

25. An Objector who does not include the above information in his/her notice of intent to object will likely be limited in speaking and presenting evidence or testimony at the Final Approval Hearing and may be prevented from doing so entirely.

26. Any Class Member who does not file and mail a timely and complete written notice of intent to object in accordance with the Stipulation, waives the right to object or to be heard at the Final Approval Hearing and is barred from making any objection to the Proposed Settlement. However, the Court retains discretion to allow objections to be made absent full, technical compliance with the Stipulation, upon a showing of good cause for failure to comply.

27. The Administrator shall provide State Farm and Class Counsel a copy of any and all objections and opt-out requests received by the Administrator.

28. At or before the Final Approval Hearing, Class Counsel shall file with the Court an affidavit from the Administrator stating the number of Class Members who have timely excluded themselves from the Class (opted out) and the number of Objectors, and identifying all such individuals.

29. Class Members will be provided an opportunity to submit Claim Forms in the form attached to the Stipulation as Exhibit 3, requesting Claim Settlement Payments in accordance with the terms of the Stipulation.

30. Any Class Member who has not submitted a timely, complete opt-out request and who has returned a timely, complete Claim Form may be eligible to receive a Settlement Check according to the terms of the Stipulation, if the Effective Date occurs.

31. Not less than seven days (7) prior to the Final Approval Hearing, Class Counsel shall file with the Court a motion seeking the Court's final approval of the Proposed Settlement and Stipulation and entry of the final judgment in the form and content attached to the Stipulation as Exhibit 5. State Farm, in its sole discretion, may also file a brief in support of final approval of the Proposed Settlement.

32. This Order shall not be construed or used as an admission, concession, or declaration by or against State Farm of any fault, wrongdoing, breach or liability, or of the appropriateness of certifying a class for litigation purposes. Nor shall the Order be construed or used as an admission, concession, or as a waiver by any party of any defenses or claims he, she, or it may have.

33. Unless used for purposes of submitting the Stipulation in support of Court approval of the same, or used to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion, neither the Stipulation nor any provision of the Stipulation nor the fact of the Stipulation having been made, shall be admissible or entered into evidence, referenced, or cited for any purpose whatsoever, or subject to discovery.

34. The Proposed Settlement is preliminarily approved as fair, reasonable, adequate, and in the best interest of the Class Members. The Parties and the Administrator are directed to implement the terms of the Proposed Settlement in accordance with the Stipulation.

35. Upon a showing of good cause, the Court may extend any of the deadlines set forth in this Order without further notice to the Settlement Class.

36. Except for proceedings in furtherance of the Proposed Settlement, this Action is stayed pending further order of the Court.

**IT IS SO ORDERED**, this 3rd day of January, 2020.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge