IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JAMES STUART and CAREDA L.
HOOD, individually and on behalf
of all others similarly situated                                                                PLAINTIFFS

v.                                              Case No. 4:14-cv-4001

STATE FARM FIRE AND CASUALTY
COMPANY                                                                                          DEFENDANT

## FINAL ORDER AND JUDGMENT

Before the Court is Plaintiffs' Motion for Final Approval of Class Settlement, Class Certification for Settlement Purposes, Appointment of Class Representatives, Appointment of Class Counsel. (ECF No. 256). Also before the Court is Class Counsel's Motion for Attorneys' Fees and Costs Related to the Stipulation of Settlement and Request for Service Awards to Class Representatives ("Class Counsel's Application for Fees"). (ECF No. 253). Plaintiffs James Stuart and Careda L. Hood ("Plaintiffs") and Defendant State Farm Fire and Casualty Company ("State Farm") have agreed—subject to Court approval—to settle this litigation pursuant to the terms and conditions stated in the Stipulation of Settlement (the "Stipulation") filed with the Court on December 10, 2019. (ECF No. 245-1). On June 1, 2020, the Court held a final approval hearing on the motions. The Court finds this matter ripe for consideration.

### I. FINDINGS OF FACT

1.      James Stuart and Careda L. Hood, the sole remaining named Plaintiffs, filed the operative complaint, the Second Amended Class Action Complaint (the "Complaint"), alleging that State Farm breached its contracts with insureds by depreciating labor when calculating actual

cash value payments for structural damage claims.  State Farm has denied, and still denies, any liability, wrongdoing, and damages with respect to the matters alleged in the Complaint.

2. After litigation between the Parties and arms-length negotiations between Class Counsel and State Farm's counsel, the Parties reached a settlement that provides substantial benefits to the Settlement Class, in return for a release and dismissal of claims against State Farm.  The Settlement was reached after the Parties had engaged in extensive and lengthy negotiations and mediation before United States Magistrate Judge Barry A. Bryant.  Class Counsel was therefore well positioned to evaluate the benefits of the Settlement, taking into account the expense, risk, and uncertainty of trial and protracted appeal thereafter with respect to numerous difficult questions of law and fact.

3. On December 10, 2019, Plaintiffs and State Farm executed the Stipulation of Settlement and exhibits thereto (collectively, the "Stipulation").  (ECF No. 245-1).

4. The Stipulation is hereby incorporated by reference in this Final Order and Judgment, and the definitions and terms set forth in the Stipulation are hereby adopted and incorporated into, and will have the same meanings in this Final Order and Judgment.

5. On December 10, 2019, Plaintiffs filed with the Court the Stipulation, along with a Motion for Preliminary Approval of the Proposed Settlement.  (ECF Nos. 245, 246).  State Farm also filed on the same date a separate submission in support of preliminary approval of the Proposed Settlement.  (ECF No. 247).

6. On December 16, 2019, the Court held a hearing to consider the preliminary approval of the Proposed Settlement.

7. On January 3, 2020, the Court entered its Order Preliminary Approving Class Settlement ("Preliminary Approval Order"), preliminarily approving the Stipulation, preliminarily

certifying the settlement Class for settlement purposes, and scheduling a hearing for June 1, 2020, at 10:00 a.m. to consider final approval of the Proposed Settlement and other actions described in the Preliminary Approval Order and the Stipulation ("Final Approval Hearing").[1]

8.     As part of its Preliminary Approval Order, the Court conditionally certified for settlement purposes a settlement class ("Settlement Class") defined as follows:

> All persons and entities that received "actual cash value" payments, directly or indirectly, from State Farm for loss or damage to a dwelling or other structure located in the State of Arkansas, such payments arising from events that occurred between May 1, 2010 and December 6, 2013, where the cost of labor was depreciated.
>
> Excluded from the Class are:
>
> (1)  all persons and entities that received payment from State Farm in the full amount of insurance shown on the declarations page;
>
> (2)  State Farm and its affiliates, officers and directors;
>
> (3)  members of the judiciary and their staff to whom this action is assigned; and
>
> (4)  Class Counsel.

9.     On April 17, 2020, Class Counsel filed a Motion for Fees and Expenses and for Payment of service awards to the two named plaintiffs. The motion included evidence of the fairness and reasonableness of those requests, as well as extensive argument and authority.

10.    On May 22, 2020, Plaintiffs moved for Final Approval of the terms of the Proposed Settlement and for the entry of this Final Order and Judgment. In support, Plaintiffs submitted, *inter alia*, evidence showing: the dissemination and adequacy of the Class Notice and Claim Form; the publication of the Publication Notice; the dissemination of the Postcard Notice; the

---

[1] On May 22, 2020, the Court ordered that the Final Approval Hearing would be held by videoconference due to the ongoing COVID-19 pandemic. (ECF No. 255). Both the Court's May 22, 2020 order and Plaintiffs' settlement website, https://www.stuart-v-statefarm.com/, set out the process by which members of the public could attend the hearing.

establishment of an automated toll-free telephone number and settlement website; the names of potential Class Members who, per the terms of the Stipulation, submitted a timely and proper request for exclusion from the Settlement Class; the negotiation of the Stipulation; the fairness, reasonableness, and adequacy of the Stipulation; and the fairness, reasonableness, and adequacy of Class Counsel's Application for Fees.  In support of the Motion for Final Approval, Plaintiffs submitted a Brief in Support, setting forth extensive argument and authority along with various exhibits attached thereto.

11. Also on May 22, 2020, State Farm filed its Memorandum of Law in Support of Final Approval of Class Action Settlement.  (ECF No. 257).  State Farm set forth in its Memorandum extensive argument and authority supporting final approval of the proposed Settlement, including its view that the Settlement is especially fair, reasonable and adequate given its assessment of the strength of State Farm's defenses as to both liability and damages.

12. Plaintiffs offered at the Final Approval Hearing the following evidence in support of the Motion for Final Approval and Class Counsel's Application for Fees:

| **Exhibit Nos.** | **Description** |
|---|---|
| 1 | Declaration of Matt Keil (ECF No. 256-1) |
| 2 | Declaration of Jennifer Keough (ECF No. 256-2) |
| 3 | Declaration of James Stuart (ECF No. 256-3) |
| 4 | Declaration of Careda Hood (ECF No. 256-4) |

The Court admitted Plaintiffs' Exhibits 1-4 into evidence for all purposes.

13. Plaintiffs and the Administrator have satisfactorily demonstrated that the Class Notice and Claim Form was mailed, that the Publication Notice was published, that the Postcard

Notice was mailed, and that an automated toll-free telephone number and settlement website were established in accordance with the Stipulation and Preliminary Approval Order.

14. The Court further finds that all notices concerning the Settlement required by the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1715 *et seq.*, have been sent and that State Farm has fully complied with the notice requirements under that Act.

15. The Settlement provides substantial monetary benefits to Class Members who timely submit completed Claim Forms. In addition, State Farm has agreed to fund the costs of notice and settlement administration. The claims procedure established under the Stipulation is fair and provides Class Members with an extended and ample opportunity to submit claims for settlement payments as described in the Stipulation.

16. All potential Class Members were provided an opportunity to request exclusion from the settlement and lawsuit, as provided in the Stipulation. The Court finds that the individual interests of those Class Members who timely sought exclusion from the Settlement Class are preserved and that no Class Member was precluded from being excluded from the Class if he or she so desired. Those Class Members who timely and properly excluded themselves from the Class are identified in the attached Exhibit 1.

17. No objections to the Settlement were filed.

18. Class Members who did not timely file and serve an objection in writing to the Stipulation, to the entry of this Final Judgment, or to Class Counsel's Application for Fees, in accordance with the procedure set forth in the Stipulation and mandated in the Preliminary Approval Order, are deemed to have waived any such objection through any appeal, collateral attack, or otherwise.

19. At the Final Approval Hearing, the Court considered, among other matters described herein: (a) whether certification of the Settlement Class for settlement purposes was appropriate under Rule 23 of the Federal Rules of Civil Procedure; (b) the fairness, reasonableness, and the adequacy of the Stipulation; and (c) the fairness and reasonableness of Class Counsel's Application for Fees, Expenses, and Named Plaintiff Service Awards under applicable law. The Court independently evaluated not only the pleadings, evidence, and arguments of Class Counsel and State Farm's counsel, but also rigorously and independently evaluated the Stipulation and Class Counsel's Application for Fees on behalf of Class Members, and as such, the Court considered arguments that could reasonably be made against approval of the Stipulation and Class Counsel's Application for Attorneys' Fees, even though such arguments were not actually presented to the Court by objection, pleading, or oral argument.

20. On the basis of the matters presented in this Lawsuit and the provisions of the Stipulation, the Court is of the opinion that the Proposed Settlement is a fair, reasonable, and adequate compromise of the claims against State Farm, pursuant to Federal Rule of Civil Procedure 23. In considering numerous factors, the Court finds that:

> a. The liability issues in this Lawsuit and the suitability of this Lawsuit for continued certification of a litigation class have been vigorously contested, particularly with respect to litigation manageability requirements;
>
> b. This Proposed Settlement has the benefit of providing substantial benefits to Class Members now, without further litigation, under circumstances where the liability issues are still vigorously contested among the Parties and the outcome of any class trial or appeal remain uncertain;
>
> c. The Proposed Settlement is clearly a byproduct of adversary litigation between the Parties and arms-length negotiation, which negotiation was facilitated by Judge Bryant, and not a result of any collusion on the part of Class Counsel or State Farm; and
>
> d. Class Counsel's request for an award of reasonable fees and reimbursement of expenses is reasonable, fair, and in all respects consistent with the terms of the Stipulation.

Therefore, based on the foregoing findings of fact and the oral findings of fact articulated at the Final Approval Hearing referenced herein, the Court hereby makes the following:

## II. CONCLUSIONS OF LAW

1. The Court has personal jurisdiction over the Plaintiffs, State Farm, and Class Members; venue is proper; and the Court has subject matter jurisdiction, including without limitation, jurisdiction to approve the Stipulation, to grant final certification of the Settlement Class, to settle and release all claims arising out of the Lawsuit, and to enter this Final Order and Judgment and dismiss this Lawsuit on the merits and with prejudice.

2. The Court concludes that the Settlement Class meets all the requirements Federal Rule of Civil Procedure 23, due process under the United States Constitution, and all other applicable rules and law, and the Settlement Class this Court previously preliminarily certified in its Preliminary Approval Order is hereby finally certified as a settlement class action. In connection with the settlement class certification ruling, the Court specifically finds that the numerosity, commonality, typicality and adequacy requirements of Rule 23(a)(1), and the requirements of Rule 23(b)(3), are satisfied to the extent necessary to support the certification of a settlement class. The Court further finds that the Representative Plaintiffs and Class Counsel have fairly and adequately represented and protected the interests of the Settlement Class for the purposes of entering into and implementing the Proposed Settlement, as required by Rule 23(a)(4), and Class Counsel meets the standard for appointment set forth in Rule 23(g)(1) and (4).

3. Based on the Court's review of the evidence submitted and arguments of counsel, the Court finds and concludes that the Class Notice and Claim Form were mailed to potential Class Members in accordance with the provisions of the Preliminary Approval Order, and together with the Publication Notice, the Postcard Notice, the automated toll-free telephone number, and the settlement website: (i) constituted, under the circumstances, the most effective and practicable

notice of the pendency of the Lawsuit, this Stipulation, and the Final Approval Hearing to all Class Members who could be identified through reasonable effort; and (ii) met all requirements of the Federal Rules of Civil Procedure, the requirements of due process under the United States Constitution, and the requirements of any other applicable rules or law.

4. The Final Approval Hearing and evidence before the Court clearly support a finding that the Stipulation was entered into in good faith after arms-length negotiations between Plaintiffs and State Farm, and the Court does hereby so find.

5. The Court finds that approval of the Stipulation and the Proposed Settlement embodied therein will result in substantial savings in time and resources to the Court and the litigants and will further the interests of justice. Further, the Court finds that the Stipulation is fair, reasonable, and adequate to, and in the best interests of, members of the Settlement Class, based on discovery, due diligence, and the absence of material objections sufficient to deny approval.

6. A review of the following factors supports a finding that the Settlement is fair, reasonable, and adequate:

> a. The strength of the case for the plaintiff on the merits (including the strength of any defenses and the uncertainty of a litigated outcome), balanced against the amount offered in the settlement;
>
> b. The defendant's overall financial condition and ability to pay;
>
> c. The complexity, length, and expense of further litigation; and
>
> d. The amount of opposition to the settlement.

*Van Horn v. Trickey*, 840 F.2d 604, 607 (8th Cir. 1988) (citing *Grunin v. Int'l House of Pancakes*, 513 F.2d 114, 124 (8th Cir. 1975)).

7. Although the notice campaign was highly successful and resulted in notice being mailed to approximately 17,809 Class Members, only 16 Persons requested exclusion from the Settlement Class and no Class Members filed objections to the Stipulation. The relative lack of

8

exclusion requests and opposition by a well-noticed Settlement Class strongly supports the fairness, reasonableness, and adequacy of the Settlement.

8. In evaluating the fairness, reasonableness, and adequacy of the Settlement, the Court considered all objections that could have been raised by any Class Member. After considering all possible objections, the Court finds that the Stipulation and Proposed Settlement are fair, reasonable, and adequate under federal law and the *Van Horn* factors.

9. The claim process set forth in the Stipulation is fair, reasonable, and adequate to Class Members. Any Class Member who did not request exclusion from the Class in accordance with the Stipulation is forever barred from asserting a Released Claim against a Released Person in any other action or proceeding.

10. Class Counsel's requests for no more than $2,833,333.33 in attorneys' fees, no more than $400,000.00 in litigation expenses, and no more than $24,620.73 in costs incurred for the prior notice program, and the Representative Plaintiffs' service awards of no more than $9,500.00 each, to be paid by State Farm, are fair, reasonable and adequate, based on a review of the following factors:

    a. The time and labor required;

    b. The novelty and difficulty of the questions;

    c. The skill requisite to perform the legal service properly;

    d. The preclusion of other employment by the attorney due to acceptance of the case;

    e. The customary fee for similar work in the community;

    f. Whether the fee is fixed or contingent;

    g. Time limitations imposed by the client or the circumstances;

    h. The amount involved and the results obtained;

    i. The experience, reputation, and ability of the attorneys;

      j. The undesirability of the case;

      k. The nature and length of the professional relationship with the client; and

      l. Awards in similar cases.

*See In re Xcel Energy, Inc., Sec., Derivative & "ERISA" Litig.*, 364 F. Supp. 2d 980, 993 (D. Minn. 2005) (citing *Johnson v. Ga. Highway Express*, 488 F.2d 714, 719-20 (5th Cir. 1974)); *see also Chrisco v. Sun Indus., Inc.*, 304 Ark. 227, 229, 800 S.W.2d 717, 718-19 (1990) (utilizing a similar multi-factor test in considering whether to award attorneys' fees).

      **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

    1. Objections to the Stipulation, if any, are hereby overruled.

    2. Pursuant to Federal Rule of Civil Procedure 23, final certification of the Settlement Class is confirmed for the purpose of the Settlement, in accordance with the Stipulation.

    3. Timely requests for exclusion were submitted by sixteen potential members of the Settlement Class, and those potential Class Members (identified in Exhibit 1 hereto) are excluded from the Settlement Class. All other potential members of the Settlement Class are adjudged to be members of the Settlement Class and are bound by this Final Order and Judgment and by the Stipulation, including the releases provided for in the Stipulation and this Final Order and Judgment.

    4. Plaintiffs' Motion for Final Approval (ECF No. 256) is hereby **GRANTED** and all provisions and terms of the Stipulation are hereby finally approved in all respects. The Parties to the Stipulation are directed to consummate the terms of the Stipulation in accordance with its terms, as may be modified by subsequent orders of this Court.

    5. This Final Order and Judgment shall be immediately entered as to all claims in the Lawsuit between the Representative Plaintiffs and Class Members and State Farm, and Final Judgment is entered approving and adopting all terms and conditions of the Settlement and the

Stipulation, fully and finally terminating all claims of the Representative Plaintiffs and the Settlement Class in this Lawsuit against State Farm, on the merits and with prejudice without leave to amend.  The Court expressly determines that there is no just reason for delay in entering this Final Order and Judgment.

6.   Pursuant to Rule 23(a) and (g) of the Federal Rules of Civil Procedure, Plaintiffs James Stuart and Careda L. Hood are appointed as the Representative Plaintiffs for this Settlement Class, and the following counsel are appointed as counsel for the settlement Class ("Class Counsel"):

| | |
|---|---|
| D. Matt Keil<br>John C. Goodson<br>KEIL & GOODSON P.A.<br>406 Walnut Street<br>Texarkana, AR 71854 | Matthew L. Mustokoff<br>Richard A. Russo, Jr.<br>KESSLER TOPAZ MELTZER CHECK LLP<br>280 King of Prussia Road<br>Radnor, PA 19087 |
| A.F. "Tom" Thompson, III<br>Kenneth P. "Casey" Castleberry<br>MURPHY, THOMPSON, ARNOLD, SKINNER & CASTLEBERRY<br>P.O. Box 2595<br>555 East Main Street<br>Suite 200<br>Batesville, AR 72503 | James M. Pratt, Jr.<br>JAMES M. PRATT, JR., P.A.<br>144 Washington NW<br>P.O. Box 938<br>Camden, AR 71701<br><br>Richard E. Norman<br>R. Martin Weber, Jr.<br>CROWLEY NORMAN LLP<br>Three Riverway |
| Steven E. Vowell<br>TAYLOR LAW PARTNERS<br>303 E. Millsap Road<br>P.O. Box 8310<br>Fayetteville, AR 72703 | Suite 1775<br>Houston, TX 77056 |

7.   Upon the entry of this Final Order and Judgment, the Representative Plaintiffs, all Class Members who did not timely and properly exclude themselves from the Settlement Class, and all of their heirs, trustees, executors, administrators, principals, beneficiaries, representatives, agents, assigns, and successors, and anyone claiming through them or acting or purporting to act for them or on their behalf, will be bound by this Final Order and Judgment and shall be

11

conclusively deemed to have fully released and discharged, acquitted and forever discharged, to the fullest extent permitted by law, any and all of the Released Persons from all of the Released Claims, all as defined in the Stipulation, and shall be conclusively bound by this Final Order and Judgment under the doctrines of res judicata, collateral estoppel, and claim and issue preclusion, and agree not to sue any Released Person with respect to any Released Claims. The Representative Plaintiffs and all Class Members who did not timely and properly exclude themselves from the Settlement Class shall be deemed to agree and acknowledge that the foregoing releases were bargained for and are a material part of the Stipulation. The Stipulation shall be the exclusive remedy for all Class Members with regards to Released Claims.

8. Although the definitions in the Stipulation are incorporated in and are part of this Final Order and Judgment, the following definitions from the Stipulation are repeated for ease of reference:

    a. "Released Claims" means and includes any and all known and Unknown Claims, rights, demands, actions, causes of action, allegations, or suits of whatever kind or nature, whether *ex contractu* or *ex delicto*, debts, liens, contracts, liabilities, agreements, attorneys' fees, costs, penalties, interest, expenses, or losses (including actual, consequential, statutory, extra-contractual and/or punitive or exemplary damages) arising from or in any way related to depreciation of any kind on claims within the class period (including, but not limited to, calculation, deduction, determination, inclusion, modification, omission, and/or withholding of depreciation), which have been alleged or which could have been alleged by Plaintiffs in the Lawsuit, on behalf of themselves and/or on behalf of the Class, to the full extent of *res judicata* protections but only as related to depreciation on claims within the class period, and whether arising under or based on contract, extra-contractual or tort theories, bad faith, common law or equity, or federal, state or local law, statute, ordinance, rule or regulation. Released Claims do not include any claim for enforcement of the contemplated Stipulation and/or the Final Order and Judgment.

    b. "Released Persons" means: (i) State Farm Fire and Casualty Company, and all of the past and present divisions, parent entities, associated entities, affiliates, partners, and subsidiaries; and (ii) all past and present officers, directors, shareholders, agents, attorneys, employees, stockholders, successors, assigns, independent contractors, and legal representatives of the entities set forth in (i).

      c.   "Unknown Claim" means claims arising out of facts found hereafter to be other than or different from facts now known or believed to be true, relating to any matter covered by this Stipulation.

    9.   In order to protect the continuing jurisdiction of the Court and to protect and effectuate this Final Order and Judgment, the Court permanently and forever bars and enjoins the Representative Plaintiffs and all Class Members, and anyone acting or purporting to act on their behalf, from instituting, maintaining, prosecuting, suing, asserting, or cooperating in any action or proceeding, whether new or existing, against any of the Released Persons for any of the Released Claims. Any person in contempt of the injunction under this paragraph may be subject to sanctions, including payment of reasonable attorneys' fees incurred to seek enforcement of the injunction.

    10.   This Final Order and Judgment, the Stipulation, the negotiations of the Stipulation, the Settlement procedures, any act, statement, or document related in any way to the negotiation of the Stipulation or Settlement procedures, and any pleadings, or other document or action related in any way to the Stipulation shall not be: (a) construed as an admission or concession by State Farm of the truth of any of the allegations in the Lawsuit, or of any liability, fault, or wrongdoing of any kind on the part of State Farm; (b) offered or received in evidence in any action or proceeding in any court, administrative panel or proceeding, or other tribunal, as an admission or concession of liability or wrongdoing of any nature on the part of State Farm or that this Lawsuit may be properly maintained as a litigation or arbitration class action; (c) offered into evidence in the Lawsuit or in any other case or proceeding in support of or in opposition to a motion to certify a contested class against State Farm; or (d) otherwise used in any case or proceeding whatsoever in support of or in opposition to a motion to certify a contested class action against State Farm.

    11.   Unless used for purposes of submitting the Stipulation in support of Court approval of same, or used to support a defense or counterclaim based on principles of res judicata, collateral

estoppel, release, good-faith settlement, judgment bar or reduction, or any other theory of claim preclusion, neither the Stipulation nor any provision of the Stipulation nor the fact of the Stipulation having been made nor this Final Order and Judgment, shall be admissible or entered into evidence, referenced or cited for any purpose whatsoever, or subject to discovery.

12. Proprietary Information of State Farm shall be protected from disclosure and handled in accordance with the terms of the Stipulation, and Class Counsel and any other attorneys for Plaintiffs in this Lawsuit shall destroy or return to State Farm's Counsel all Proprietary Information in their possession, custody, or control as set forth in the Stipulation.

13. Class Counsel's Application for Fees (ECF No. 253) is hereby **GRANTED**. Pursuant to Rule 23(h), the Court awards Class Counsel $2,833,333.33 in attorneys' fees; $400,000.00 in litigation expenses; and $24,620.73 in costs incurred for the prior notice plan. In addition, the Court awards each of the Representative Plaintiffs a service award of $9,500.00. The Court hereby finds that these amounts are fair and reasonable. State Farm shall pay such fees and expenses to Class Counsel and the service awards to the Representative Plaintiffs pursuant to the terms of the Stipulation. State Farm shall not be responsible for and shall not be liable with respect to the allocation among class Counsel or any other person who may assert a claim thereto, of attorneys' fees and expenses awarded by the Court.

14. Payments to Class Members who timely file a completed Claim Form shall be made in the amounts, within the time period, subject to the terms and in the manner described in the Stipulation.

15. The Court appoints Frank S. Hamlin of Hamlin Dispute Resolution, LLC, as the Neutral Evaluator to carry out the duties and responsibilities set forth in the Stipulation. The

Representative Plaintiffs, Class Counsel, State Farm, and State Farm's Counsel shall not be liable for any act or omission of the Neutral Evaluator.

16. Without further order of the Court, the Parties may agree to reasonably necessary extensions of time to implement any of the provisions of the Stipulation.

17. The Lawsuit is dismissed in its entirety on the merits, with prejudice and without leave to amend, without fees or costs to any party except as otherwise provided herein.

18. Without in any way affecting the finality of this Final Judgment, this Court shall retain exclusive continuing jurisdiction over this Action for purposes of:

    a. Enforcing the Stipulation and the Settlement;

    b. Hearing and determining any application by any party to the Stipulation for a settlement bar order; and

    c. Any other matters related or ancillary to any of the foregoing.

**IT IS SO ORDERED**, this 2nd day of June, 2020.

                                               /s/ Susan O. Hickey
                                               Susan O. Hickey
                                               Chief United States District Judge